Danny STRONG

v.

**Charles N. COLLATOS, in his capacity as Commissioner of Veterans' Services for the Commonwealth of Massachusetts and Stanley R. Pacocha, in his capacity as Veterans' Agent for the Town of Easthampton.**

Civ. A. No. 77–829–F.

United States District Court,
D. Massachusetts.

May 26, 1978.

Jim Hammerschmith, Western Mass. Legal Services, Northampton, Mass., for plaintiff.

Louis A. Rizoli, Asst. Atty. Gen., Boston, Mass., for defendants.

## OPINION

FREEDMAN, District Judge.

This is a class action for declaratory and injunctive relief before the Court on cross-motions for summary judgment. Plaintiff seeks to have the Court declare invalid and enjoin the operation of the Massachusetts statute which imposes a durational residence requirement as a condition to receipt of public assistance benefits under the Massachusetts Veterans' Services Program (the "MVSP").[1] The statute to which the complaint refers is Mass.Gen.Laws ch. 115, § 5.

After denying plaintiff's motion for a temporary restraining order, this Court carefully reviewed the oral and written arguments of the parties, as well as the relevant case law, and, on June 16, 1977, issued a preliminary injunction enjoining defendants from refusing to grant MVSP assistance to the plaintiff on the ground that he has not met the durational residence requirement. On July 11, 1977, the Court granted plaintiff's motion for class certification[2] and modified the preliminary injunction to extend to all class members the benefits already afforded the individual plaintiff. The summary judgment motions were heard on March 8, 1978. The Court now grants plaintiff's motion.

### The Statute

Massachusetts provides a number of benefits to veterans. They include exemptions from license fees,[3] exemption from motor vehicle registration fees,[4] preferences for certain low rent and state-aided housing

---

1. Mass.Gen.Laws ch. 115.

2. The class consists of all present and future applicants for Massachusetts Veterans' Services who are Massachusetts residents at the time of application, but have not resided continuously in Massachusetts for three years immediately preceding their application and were not Massachusetts residents at the time of entering, or while serving in, the armed forces.

3. Mass.Gen.Laws ch. 101, § 24; ch. 175, § 167A.

4. Mass.Gen.Laws ch. 90, § 33.

projects,[5] and preference in civil service hiring.[6]

The MVSP provides for public assistance payments to needy veterans and their dependents. The program is administered by the individual cities and towns of the Commonwealth under the supervision and regulatory authority of the Massachusetts Commissioner of Veterans' Services. Benefits under the program are paid by the city or town which receives 50% reimbursement from the Commonwealth.

Mass.Gen.Laws ch. 115, § 5, *inter alia*, imposes a durational residence requirement as a condition to receipt of benefits under MVSP. It provides, in pertinent part:

Veterans' benefits shall be paid to a veteran or dependent by the city or town wherein he resides; provided, that no benefits shall be paid to a veteran unless he has actually resided within the commonwealth continuously for three years next preceding the date of his application for such benefits, nor to any dependent of a veteran unless he has actually resided within the commonwealth continuously for three years next preceding the date of his application for such benefits, nor unless the veteran of whom he is a dependent has actually resided within the commonwealth continuously for three years next preceding the date of such dependent's application for such benefits. If the veteran is deceased at the time of the dependent's application for benefits, and the veteran died while a resident of the commonwealth, the commissioner may, notwithstanding the foregoing proviso, authorize such benefits to such dependent actually residing in the commonwealth at the time of the veteran's death; provided, however, any veteran who actually resided in the commonwealth at the time of his entry into or continuance in active military or naval service of the United States and the dependents of such veter-

an shall be eligible for benefits without any waiting period.

*The Facts*

The parties' agreed statement of facts may be summarized as follows. The individual plaintiff Danny Strong is single, has no dependents and resides in Easthampton, Massachusetts. Defendant Charles N. Collatos is the Massachusetts Commissioner of Veterans' Services (the "Commissioner"), having among his duties the supervision of the MVSP. Defendant Stanley R. Pacocha is the Veterans' Agent of the Town of Easthampton and is responsible for the disbursement of MVSP benefits to eligible veterans who reside in Easthampton.

Plaintiff served in the United States Army from November 1967 until December 1973, when he received an honorable discharge. Plaintiff spent 18 months in Vietnam as an infantryman. Until August of 1974, when he moved to Massachusetts, plaintiff was a resident of the State of Vermont. Plaintiff would not have been eligible for Vermont veterans' benefits even if he had continued to live there because that state provides benefits only to those veterans who are both needy and disabled.

Plaintiff had no income from January 8, 1977, when he was terminated from his employment at the National Felt Company in Easthampton, until July 1977 when he obtained temporary employment through the Comprehensive Employment and Training Act ("CETA"). Plaintiff's application for unemployment benefits from the Massachusetts Division of Employment Security (the "MDES") was denied because of an MDES finding that plaintiff was discharged from his employment for cause. This finding was affirmed on March 15, 1977 by a local review examiner and subsequently by a single member of the Board of Review. The full Board of Review declined to grant him a rehearing. The MDES finding is the subject of a petition for judicial review pending in the Hampshire County Superior Court under Mass.Gen.Laws ch. 151A, § 42.

---

5. Mass.Gen.Laws ch. 121B, §§ 27, 32(f), 34.

6. Mass.Gen.Laws ch. 31, § 23 and Act of June 24, 1976, 1976 Mass. Session Laws ch. 200. *But see Anthony v. Massachusetts*, 415 F.Supp. 485 (D.Mass.1976), *vacated and remanded sub*

*nom. Massachusetts v. Feeney*, 434 U.S. 884, 98 S.Ct. 252, 54 L.Ed.2d 169 (1977), *on remand*, Civil Action No. 75–1991–T, 450 F.Supp. 143 (D.Mass., May 3, 1978).

On March 1, 1977, plaintiff submitted an application for MVSP benefits to defendant Pacocha. On March 8, 1977, Pacocha notified plaintiff that he was ineligible for veteran's benefits because he failed to meet the durational residence requirement. Plaintiff's appeal of this decision is pending before the Veterans' Services Appeals Board.[7]

There are approximately 29,607,000 veterans in the United States. Some 868,000 of them are in Massachusetts. The Department of Veterans' Services receives some 25 applications a year from veterans who have not satisfied the durational residence requirement. This number does not include those veterans who fail to apply for benefits because of their knowledge of the requirement. The state budget for the operation of MVSP is approximately $11 million annually.

### Discussion

In determining that preliminary injunctive relief was appropriate in this case, the Court carefully analyzed the arguments of the parties in light of the relevant case law and concluded that plaintiff was likely to succeed on the merits of his claim that the MVSP durational residence requirement penalized the exercise of the right of interstate travel, created two classes of needy veterans and dependents indistinguishable except on the basis of the length of their residence in Massachusetts, and that the Commonwealth could show no compelling state interest to justify the classification. I find no reason to depart from my previous analysis.[8]

The right of interstate travel is a fundamental right. The Supreme Court long ago recognized:

. . . that the nature of our Federal Union and our constitutional concepts of personal liberty unite to require that all citizens be free to travel throughout the length and breadth of our land uninhibited by statutes, rules, or regulations which unreasonably burden or restrict this movement.

*Shapiro v. Thompson,* 394 U.S. 618 at 629, 89 S.Ct. 1322 at 1329, 22 L.Ed.2d 600 (1968). *See, e. g., Dunn v. Blumstein,* 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972). A classification which penalizes travel cannot stand unless justified by a compelling state interest. *E. g., Memorial Hospital v. Maricopa County,* 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974); *Cole v. Housing Authority of City of Newport,* 435 F.2d 807 (1st Cir. 1970).

The MVSP durational residence requirement creates two classes of needy veterans and dependents indistinguishable except for the length of their residence in Massachusetts. In doing so, it penalizes the right to travel. Defendant Commissioner's argument that the MVSP is a unique program offered by no other state which can only encourage travel to Massachusetts suggests a fundamental misunderstanding of the right to travel. First, a superficial look at the MVSP durational residence requirement by a potential migrant to Massachusetts might tend to deter migration. *Cf. Shapiro v. Thompson, supra,* 394 U.S., at 629, 89 S.Ct. 1322. Second, and more important, is the fact that the disadvantage imposed on those who have recently moved to Massachusetts itself penalizes the right to travel.

---

7. In addition to the durational residence requirement, Mass.Gen.Laws ch. 115, § 5 includes a "voluntary idleness provision." The Commissioner has consistently interpreted this provision as precluding payment of benefits after an unemployment compensation disqualification has been affirmed at the first MDES appeal.

8. I note that defendant Commissioner does not contest plaintiff's standing to maintain this action or the timeliness of the suit. Standing requires injury in fact, and this requirement is satisfied here. *Cf. Warth v. Seldin,* 422 U.S.

490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Moreover, exhaustion of state administrative and judicial remedies is usually not required in actions, like the one at bar, which are brought under 42 U.S.C. § 1983. *E. g., Ellis v. Dyson,* 421 U.S. 426, 432–433, 95 S.Ct. 1691, 44 L.Ed.2d 274 (1975); *Wagle v. Murray,* 546 F.2d 1329 (9th Cir. 1976), *vacated and remanded on other grounds,* 431 U.S. 935, 97 S.Ct. 2645, 53 L.Ed.2d 252 (1977); *Raper v. Lucey,* 488 F.2d 748 (1st Cir. 1973); *Magill v. Lynch,* 400 F.Supp. 84 (D.R.I.1975), *vacated on other grounds,* 560 F.2d 22 (1st Cir. 1977).

"Travel" means migration with the intent to settle and abide. *Cole v. Housing Authority of City of Newport, supra* at 811. A requirement which operates to impose some loss, hardship or disadvantage on the exercise of right to travel may be said to "penalize" that right. *Id.* A plaintiff need not show a deterrent effect or intent; it is sufficient that the statute in question operates as a penalty on the exercise of the right. *E. g., Cole v. Housing Authority of City of Newport, supra; Carter v. Gallagher*, 337 F.Supp. 626 (D.Minn. 1971).[9]

Defendant Commissioner next argues that the MVSP benefits are a reward to a finite group of persons for service rendered to the nation. As such they are distinguishable from the "basic necessities of life" which were involved in *Shapiro v. Thompson, supra*, and *Memorial Hospital v. Maricopa County, supra*. Defendant argues that MVSP is therefore a lesser form of government entitlement which is not subject to sufficient constitutional deference to invoke the compelling-state-interest test. I cannot adopt this viewpoint.

The MVSP program provides basic financial and medical assistance to needy veterans and their families. Such assistance is very much like the welfare and the medical benefits which defendant argues are distinguishable. There is another reason, however, why I must reject defendant's "reward" argument. Defendant is correct that Massachusetts is under no obligation to offer the MVSP, and Massachusetts is entitled to reward its veterans. *Cf. Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974). In undertaking to do so, however, Massachusetts must comply with the protective boundaries of the Equal Protection Clause. *Id.* The salient fact of this case is not the type of benefit provided, but the penalty imposed on the fundamental right to travel. Where such a fundamental liberty is involved, a state must show more than a rational interest to justify a discriminatory classification. *E. g., Dunn v. Blumstein, supra.*[10]

This Court has been informed of no interest sufficient to justify the MVSP durational residence requirement. Fiscal considerations, the only justification offered by defendant, cannot validate an otherwise unconstitutional classification.[11] *Shapiro v. Thompson, supra*, 394 U.S., at 633, 89 S.Ct. 1322.

For the foregoing reasons, the Court finds that the MVSP durational residence requirement is violative of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.[12] Plaintiff's motion for

9. I concur with the reasoning of my Brother Larson in *Carter v. Gallagher, supra*, that *Starns v. Malkerson*, 326 F.Supp. 234 (D.Minn. 1970) (three-judge court), *affirmed*, 401 U.S. 985, 91 S.Ct. 1231, 28 L.Ed.2d 527 (1971) (per curiam), is inapposite to cases like the one at bar. Moreover, I note that other cases upholding durational residence requirements have done so only upon a finding of compelling state interest. *E. g., Makres v. Askew*, 500 F.2d 577 (5th Cir. 1974); *Sununu v. Stark*, 383 F.Supp. 1287 (D.N.H.1974) (three-judge court), *affirmed*, 420 U.S. 958, 95 S.Ct. 1346, 43 L.Ed.2d 435 (1975) (*per curiam*).

10. Defendant Commissioner's reliance on *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), is misplaced. First, the Court in that case found no penalty on the right to travel. Second, the considerations which were found to justify the durational residence requirement in that case, while not specifically labelled, were at least substantial, and possibly compelling. *See Aznavorian v. Califano*, 440 F.Supp. 788 at 799–80 (S.D.Cal.1977).

11. As plaintiff points out, only about 25 applications per year for MVSP benefits are rejected because of the durational residence requirement. There is no evidence of a drastic increase in this number during the period of this Court's preliminary injunction. Nor is there any evidence that the legislature will be forced to terminate the program because of financial stress resulting from enjoining of the durational residence requirement.' Even under a more flexible equal protection approach, *cf. Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971), I would find the MVSP durational residence requirement to be void. *Cf. Aznavorian v. Califano, supra.*

12. The Court notes that in *Barnes v. Board of Trustees, Michigan Veterans Trust Fund*, 369 F.Supp. 1327 (N.D.Mich.1973), a three-judge court applied the compelling-state-interest test in invalidating a statutory requirement that a

summary judgment is therefore granted and defendant's motion for summary judgment is denied.[13]

Judgment for plaintiff and an injunction shall issue.

---

person be a resident of Michigan for five years to qualify for aid from the Michigan Veterans Trust Fund.

13. Summary judgment is appropriate where there are no genuine issues of material fact. This is true even though a constitutional ques-

tion is involved, *e. g., Young v. American Mini Theatres, Inc.*, 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976), or the relief sought is declaratory, see 6 J. Moore, *Federal Practice* ¶ 56.17[19] at 56–841, or injunctive in nature, *id.*, ¶ 56.17[30] at 56–876.