Danny M. KELLY, Plaintiff,

v.

Nils L. NORDBERG, Commissioner of the Department of Employment and Training for the Commonwealth of Massachusetts, Defendant.

Civ. A. No. 92–11574–WGY.

United States District Court,
D. Massachusetts.

April 7, 1994.

Danny M. Kelly, pro se.

Steven K. Berenson, Office of Atty. Gen., Daniel W. Halston, Daniel W. Halston, Atty. General's Office, Government Bureau, Thomas M. Alpert, Office of Atty. Gen., Public Protection Bureau, Rosemary S. Gale, Asst. Atty. Gen., Crim. Bureau, Boston, MA, for Nils L. Nordberg.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

Daniel M. Kelly, *pro se*, brings this action against Nils L. Nordberg, the Commissioner of the Massachusetts Department of Employment and Training ("the Department"), alleging that the Department's policy requiring a recipient of unemployment benefits either be actively looking for work or remain in the area [1] violated his constitutional right to interstate travel.

1. *See* Service Representatives Handbook, §§ 1032(C) and 1032(D):

(C) A claimant who travels during a week or part of a week for which benefits are claimed

The following facts are undisputed. On December 23, 1991, Mr. Kelly travelled to Chicago where he stayed until January 5, 1992 visiting family and friends. Mr. Kelly also attended a job interview on January 2, 1992. His application for unemployment benefits for that two-week period was denied because the Department determined that Mr. Kelly failed to meet the "available for work" requirement of Mass.Gen.L. ch. 151A, § 24(b) explicated in sections 1032(C) and (D) of the Service Representatives Handbook.

At a December 11, 1992 oral hearing, this Court, in a genuine but misguided attempt to resolve the matter, talked Department counsel into considering a further hearing on Mr. Kelly's claim, and dismissed his action for failure to exhaust administrative remedies. The Court of Appeals for the First Circuit vacated the dismissal, holding that Mr. Kelly had pled a cause of action under 42 U.S.C. § 1983, an action which does not require the exhaustion of administrative remedies. *Kelly v. Nordberg*, 1 F.3d 1231 (1st Cir.1993).

Back here once more, both parties filed cross motions for summary judgment. During an oral hearing on March 10, 1994, Mr. Kelly reaffirmed his claim for declaratory relief, but conceded that the Eleventh Amendment bars his claim for damages.

Although Mr. Kelly advances no supporting affidavits or memoranda, the following possible arguments arise from the record before the court: (1) by requiring Mr. Kelly to stay in the area and not travel, the Department is unconstitutionally burdening his right to travel; (2) by discontinuing Mr. Kelly's benefits during periods when he visits family and friends who live outside Massachusetts, while continuing to pay persons who visit family and friends living within the state, the Department impermissibly classifies Mr. Kelly; and (3) by enforcing the "no travel" policy, the Department is interfering with Kelly's right to relocate to Chicago.

Mr. Kelly first argues that he should be free to travel at will and still be considered "available for work." He contends that, in the age of information, with faxes, E-mail, modems, and the like, even when he is out of the area he is still "available for work" in every practical sense. This "modern world" argument goes to the wisdom of the Department's interpretation of a law of the Commonwealth. It is, therefore, more properly addressed to the Massachusetts legislature, as it raises policy issues beyond this Court's subject matter jurisdiction.[2] 28 U.S.C. § 1331.

Turning to the United States Constitution, the Court concludes the Mr. Kelly's first contention misconstrues the nature of the constitutional right to travel. While it is true that courts have long recognized citizens' right to travel between the several states, *Memorial Hosp. v. Maricopa County*, 415 U.S. 250, 254, 94 S.Ct. 1076, 1080, 39 L.Ed.2d 306 (1974); *Shapiro v. Thompson*, 394 U.S. 618, 629–31, 89 S.Ct. 1322, 1328–30, 22 L.Ed.2d 600 (1969); *Cole v. Housing Auth. of Newport*, 435 F.2d 807, 809 (1st Cir.1970), "both the nature and the source of that right have remained obscure." *Zobel v. Williams*, 457 U.S. 55, 60 n. 6, 102 S.Ct. 2309, 2312–13, 72 L.Ed.2d 672 (1982) (citations omitted). In general, it may be said that the constitutional right to travel implicates a person's ability to relocate or migrate from one state to another. *Attorney General of New York v. Soto-Lopez*, 476 U.S. 898, 902–03, 106 S.Ct. 2317,

is not disqualified or charged for lost time if he or she was traveling directly from one area to another for the sole purpose of seeking new employment or reporting for a pre-arranged job or job interview.
(D) A claimant traveling out of the area for personal reasons is considered not available. Examples of such personal reasons include vacations, visits to friends and relatives, time spent enroute to another area for health reasons, time spent traveling to join one's spouse in another area, a minor moving with parents, and so on. Make a lost time charge if the claimant was not available for one or two days (Monday–Friday); or a disqualification for the entire week if traveling for the entire week or if traveling for three or more days.

2. Indeed, if Mr. Kelly is arguing that the Department is improperly construing the law of the Commonwealth, this is naught but a state law claim. State law claims brought against state officials are barred by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 907–08, 79 L.Ed.2d 67 (1984).

2320–21, 90 L.Ed.2d 899 (1986); *Cole,* 435 F.2d at 811; *Strong v. Collatos,* 450 F.Supp. 1356, 1360 (D.Mass.1978), *aff'd,* 593 F.2d 420 (1st Cir.1979). The constitutional right to travel, however, has not yet been extended by the Supreme Court to guarantee a person's right to go on a trip free of any state-imposed consequences on the person's right to state-created unemployment benefits. This Court declines to read such a right into the Constitution.

■ Mr. Kelly's second argument—that the Department's policy penalizes his out-of-state travel, yet allows others to travel in-state—more closely fits the equal protection type of analysis under which the right to travel has often been interpreted. The match, however, is by no means perfect. Equal protection analysis of the right to travel generally concerns residency requirements. *See, e.g., Hooper v. Bernalillo County Assessor,* 472 U.S. 612, 622–23, 105 S.Ct. 2862, 2868–69, 86 L.Ed.2d 487 (1985) (preferential treatment of Vietnam veterans who resided in-state before a date certain); *Zobel v. Williams,* 457 U.S. at 65, 102 S.Ct. at 2315 (preferential treatment of long-time residents in receipt of dividends); *Memorial Hosp. v. Maricopa County,* 415 U.S. at 253–54, 94 S.Ct. at 1079–80 (medical benefits linked to residency); *Strong,* 450 F.Supp. at 1359–60 (three year residency requirement for veteran's benefits).

Even were the residency equal protection analysis extended to the type classification that upsets Mr. Kelly, however, his argument founders for lack of factual support. Simply put, Mr. Kelly has not demonstrated that he is treated differently because he travelled out of state. For example, if Mr. Kelly had visited family and friends for two weeks in Provincetown, the Department would similarly have denied benefits for being "out of the area." The statute and policy have less to do with where a person is located than with the person's readiness to work. The Department's policy contains no provisions pursuant to which a person travelling out-of-state is treated in a different manner than if she had travelled in-state, nor has Kelly made any showing to that effect. The statute and policy thus does not unconstitutionally classify

Mr. Kelly to his detriment vis-a-vis others similarly situated.

■ Mr. Kelly's final argument that his right to relocate to Chicago is burdened must also be rejected. First, the constitutional right to travel has been most frequently discerned in cases in which a state burdens or otherwise discourages people from relocating *to* the state. Here, Mr. Kelly is arguing that Massachusetts is burdening his right to leave. Assuming, *arguendo,* that the right to travel applies in this reverse scenario, Mr. Kelly has still not shown that the Department's policies are preventing him from moving to Chicago.

To the contrary, unemployment recipients are free to seek work in another state and remain eligible for benefits so long as the out of state trip is solely for employment purposes. *See supra,* note 1. It thus appears that the Department would have paid Mr. Kelly for the two week period in question had he been searching for work, and not on a personal trip. Furthermore, if Mr. Kelly permanently relocated to Chicago to find work, he would still receive unemployment benefits. Under Mass.Regs.Code tit. 430, § 4.05 (1993), persons who move out of state are entitled to the same level of benefits as their in-state counterparts. Thus the Department is in no way penalizing Mr. Kelly's right to migrate from Massachusetts.

There are no material facts in dispute. This Court declares that the Department's policies do not constitutionally infringe on Mr. Kelly's right to travel. His motion for summary judgment is, therefore, DENIED, and the Department's cross-motion for summary judgment is GRANTED.