Tommy English **BRYANT,**
Plaintiff-Appellant,

v.

W. E. **POTTS, et al.,**
Defendants-Appellees.

No. 75–4180
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 15, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Tommy English Bryant, pro se.

N. Alex Bickley, City Atty., Joseph G. Werner, Asst. City Atty., Dallas, Tex., for defendants-appellees.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

## PER CURIAM:

This is an action for damages brought *pro se* by an inmate of a state correctional institution under 42 U.S.C.A. § 1983. Plaintiff alleges that property belonging to him was unlawfully seized and retained by defendant police officers.

The complaint was dismissed by the district court upon the motion of defendant police officers because it was not filed within the applicable two year limitation period.

The limitation period for filing an action under 42 U.S.C.A. § 1983 must be determined by reference to the limitation period prescribed by the law of the state where the litigation arose. *Boshell v. Alabama Mental Health Bd.*, 473 F.2d 1369, 1370 (5th Cir. 1973).

The district court appears to have correctly applied the two year statute to this action. Vernon's Tex.Rev.Civ.Stat. Ann. Art. 5526(1), (2). Plaintiff alleges he was arrested and his property unlawfully seized December 16, 1969. His complaint was not filed in the district court until September 15, 1975, beyond the two year period.

Plaintiff maintains that the two year time period was interrupted while he sought various administrative remedies. It is not necessary, however, to exhaust administrative remedies before an action of this kind can be filed. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). Therefore, pursuing administrative remedies would not interrupt the limitation period.

Neither the *pro se* plaintiff nor the attorneys for the defendant police officers appear to have called to the attention of the district judge the Texas statute, Article 5535, which provides that:

If a person entitled to bring any action mentioned in this subdivision of this title be at the time the cause of action accrues . . . a person imprisoned . . . , the time of such

disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title.

Vernon's Tex.Rev.Civ.Stat.Ann. Art. 5535. The court failed to consider whether this tolling provision should be applied to the statute of limitations governing the claim, given the fact that the alleged cause of action accrued during plaintiff's incarceration.

We vacate and remand with the direction that the district court consider the applicability of Art. 5535 to the claim, and for further proceedings in due course in the event it is found applicable.

Vacated and remanded with direction.