**Daniel GRUNDSTROM,**
**Plaintiff-Appellant,**

v.

**Ed DARNELL et al.,**
**Defendants-Appellees.**

No. 75–2875

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 7, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Daniel Grundstrom, pro se.

J. D. Oglesby, County Atty., Midland, Tex., for Darnell, J. Biggs and G. Monk.

William L. Kerr, Midland, Tex., for J. Mashburn.

Joseph M. Nuessle, Midland, Tex., for W. Gideon.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

■ This prisoner's action, brought under 42 U.S.C.A. § 1983, seeks declaratory and injunctive relief, and money damages from one defendant, Sheriff Darnell, for the alleged violation of the following rights which allegedly occurred prior to his trial and conviction: (1) the right to bail and (2) to have an examining trial, (3) the right to file a preconviction habeas corpus petition to secure bail and an examining trial, and finally (4) the right to have counsel appointed with sufficient time to provide a defense. The district court dismissed on the ground that habeas corpus relief is the appropriate remedy. 28 U.S.C.A. § 2254. The alleged deprivations of plaintiff's right to an examining trial and his right to adequate legal representation necessarily draw into question the validity of the fact or length of plaintiff's confinement. On the basis of our recent decision in *Fulford v. Klein*, 529 F.2d 377 (5th Cir. 1976), we agree with the district court that, prior to a petition for writ of habeas corpus with its concomitant requirement of exhaustion of state remedies, this civil rights action as to these issues is not timely before the federal courts. *See also Alexander v. Emerson*, 489 F.2d 285 (5th Cir. 1973).

■ As to the denial of the right to bail prior to trial, the only defendant to have allegedly interfered with that right is Justice of the Peace Biggs, who is cloaked with immunity as a judicial officer. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

■ Finally, we turn to plaintiff's assertion that he was denied a constitutionally guaranteed right to have access to the courts. On June 22, 1968, defendant Monk and a second unnamed deputy serving on Sheriff Darnell's staff refused to notarize plaintiff's habeas corpus petition wherein plaintiff requested counsel and a preindictment examining trial. A terse conversation with defendant Mashburn, Midland County District Attorney, did not further the prisoner's attempted habeas corpus action. Since plaintiff was appointed counsel by July 2, there is no damage in this regard cognizable on the record, stemming from the alleged unavailability of access to the courts. It appears from plaintiff's pleadings that the damage purportedly caused by his inability to obtain an examining trial was that he was unable to locate two key witnesses for the defense of his criminal action. Since this damage issue ultimately challenges the validity of the subsequent criminal conviction, under the holding in *Fulford v. Klein, supra,* the issue is not timely before this Court, prior to habeas corpus challenge of the conviction pursuant to 28 U.S.C.A. § 2254.

It appears that Vernon's Ann.Tex.Stats. Art. 5535, which tolls limitations statutes as applied to persons imprisoned, will protect plaintiff against a statute of limitations bar as to any civil rights claims which he may eventually wish to assert, after full pursuit of habeas corpus relief. It has not been argued otherwise.

AFFIRMED.