**Samuel PROCTOR, Plaintiff-Appellant,**

v.

**Dr. FLEX and Melvin Banks et al.,**
**Defendants-Appellees.**

No. 77–2918
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 8, 1978.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Samuel Proctor, pro se.

Thomas A. Rayer, New Orleans, La., for Houma Hospital, Terrebonne Parish.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Samuel Proctor appeals from an order of the district court dismissing his complaint as barred by the applicable one-year statute of limitations. The appeal having been improvidently docketed, we dismiss.

Appellant was allowed to file his complaint *in forma pauperis*, pursuant to 28 U.S.C.A. § 1915(a). The complaint alleged that on or about February 21, 1976, he was shot by deputy sheriffs in the course of his arrest for robbery. Appellant was taken to the defendant Terrebonne General Hospital where an unknown deputy "dug out" the bullet from the wound while Dr. Flex and other members of the hospital staff failed to protect him from such abuse. Appellant also alleged that Deputy Melvin Banks, the officer who booked appellant, falsely entered his booking date as February 23, 1976, instead of February 25.

The district court dismissed appellant's complaint, holding the action barred by the statute of limitations. Upon appellant's motion for leave to appeal *in forma pauperis*, the district court certified that an appeal would not be taken in good faith.

■ Where a party is granted leave to proceed *in forma pauperis* in the district court, the party will be permitted to proceed on appeal *in forma pauperis* unless the district court certifies that the appeal is not taken in good faith. 28 U.S.C.A. § 1915(a); Fed.R.App.P. 24(a). In that event, the party may then apply to this Court for leave to appeal *in forma pauperis*. In this case appellant failed to apply to this Court after the district court issued its certificate. Therefore, he was not entitled to have his appeal docketed and the appeal must be dismissed.

■ Had appellant moved this Court for leave to proceed *in forma pauperis*, his motion would have been denied. Appellant's complaint did not precisely state the legal grounds for his action, but since he alleged violations of his civil and constitutional rights, it is obvious that his allegations came under 42 U.S.C.A. § 1983. Since there is no federal statute of limitations which applies to civil rights actions, the applicable statute of limitations is that which the forum state would apply if a suit for similar relief had been brought in state court. *Kissinger v. Foti*, 544 F.2d 1257 (5th Cir. 1977); *Kittrell v. City of Rockwall*, 526 F.2d 715 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636, 49 L.Ed.2d 379 (1976); *Knowles v. Carson*, 419 F.2d 369 (5th Cir. 1969). In Louisiana the applicable period for actions sounding in tort, like this one, is one year. La.Civ.Code Art. 3536. *See Kissinger v. Foti, supra.*

■ In this case, the alleged torts occurred in February, 1976. The complaint was not filed until June, 1977, well over one year after the cause of action arose. The prescription period in Louisiana is not interrupted or suspended by appellant's imprisonment. *Kissinger v. Foti, supra*, 544 F.2d at 1258. The action is therefore barred.

The district court was correct in dismissing the complaint as well as in its assessment that an appeal would be lacking in good faith. The appeal is

DISMISSED.