L. C. STEPHENS, Plaintiff,

v.

Jack CURTIS, Defendant.

Civ. A. No. H–77–1046.

United States District Court,
S. D. Texas,
Houston Division.

April 24, 1978.

L. C. Stephens, pro se.

Daniel E. Maeso, Asst. Atty. Gen. of Tex.,
Austin, Tex., for defendant.

## MEMORANDUM AND ORDER

CARL O. BUE, Jr., District Judge.

Plaintiff, an inmate confined in the Texas
Department of Corrections filing pro se and

in forma pauperis, brought this action for violation of civil rights against a captain in the Narcotics Service of the Texas Department of Public Safety. Plaintiff's complaint is based upon events that occurred on or about August 24, 1972. Defendant has filed a Motion to Dismiss, asserting that plaintiff's claim is barred by the applicable section of the Texas statute of limitations, Article 5526, Tex.Rev.Civ.Stat.Ann. (1958). Plaintiff does not question the applicability of the two-year statute of limitations to this cause of action, but he asserts that the statute was tolled by his imprisonment pursuant to Article 5535, Tex.Rev.Civ.Stat. Ann., and therefore that his action is not time-barred. For the reasons set forth herein, defendant's Motion to Dismiss should be granted and this action dismissed.

■ Because the Civil Rights Act, 42 U.S.C. § 1981, et seq., has no provision limiting the time in which an action may be brought, the applicable statute of limitations is that which the forum state would apply if a suit for similar relief had been brought in state court. *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977). Texas law provides that the cause of action accrues when the injury is inflicted. *Marburger v. Jackson*, 513 S.W.2d 652 (Tex.Civ. App.1974). However, the Texas statute of limitations has contained, since 1879, a disability provision relating to persons imprisoned that provides as follows:

If a person entitled to bring any action mentioned in this subdivision of this title be at the time the cause of action accrues . . . a person imprisoned . . . the time of such disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title.

Tex.Rev.Civ.Stat.Ann. Art. 5535 (1958).

But courts are divided on the question whether this tolling provision should be applied in civil rights suits brought by prisoners in federal court. Some courts support the plaintiff's position, finding that the federal court must apply not only the most analogous state statute of limitations, but also the entire statutory scheme, including the tolling provision. *Campise v. Hamilton*, 382 F.Supp. 172 (S.D.Tex.1974), *appeal dism'd*, 541 F.2d 279 (5th Cir. 1976), *cert. denied*, 429 U.S. 1102, 97 S.Ct. 1127, 51 L.Ed.2d 552 (1977), followed this position, stating:

Imprisonment under Texas law is considered a disability and the statute of limitations does not begin to run until after the disability is removed.

382 F.Supp. at 185. To the same effect, *see Bergschneider v. Denver*, 446 F.2d 569 (9th Cir. 1971) (applying California law); *Ortiz v. LaVallee*, 442 F.2d 912 (2nd Cir. 1971) (applying New York law). However, the Court has not located any federal court decisions that have interrupted the running of the statute of limitations as to persons incarcerated absent a state tolling provision. *See Williams v. Hollins*, 428 F.2d 1221 (6th Cir. 1970) (applying Tennessee law); *Knowles v. Carson*, 419 F.2d 369 (5th Cir. 1969) (applying Florida law); *Jones v. Bombeck*, 375 F.2d 737 (3rd Cir. 1967) (applying Pennsylvania law).

Several courts within this District have declined to apply the Texas tolling provision to civil rights suits brought by prisoners. In *Jones v. Kern*, C.A. No. 76–H–1656, (Unpublished opinion, March 21, 1977), the Court stated that the inmate plaintiff was not entitled to claim the benefits of the tolling provision because he did not appear "to have been under any impairment in his ability to prosecute his case, nor is there any evidence that these defendants have denied him access to this Court," *citing Seibert v. McCracken*, 387 F.Supp. 275, 282 (E.D.Okl.1974). In addition, the Court in *Lantrip v. Beto*, C.A. 75–H–1682 (Unpublished opinion, October 31, 1977), and *Nathaniel v. Beto*, C.A. No. H–77–630 (Unpublished opinion, January 26, 1978), likewise declined to apply the Texas tolling provision, in accord with *Miller v. Smith*, 431 F.Supp. 821 (N.D.Tex.1977).

The rationale of *Miller, supra*, and other cases that do not apply the Texas tolling provision is that imprisonment is no longer a disability that prevents an inmate from

initiating and prosecuting a civil rights action. The Court's analysis in *Miller, supra,* is as follows: At common law, a convicted felon was civiliter mortus (civilly dead) and therefore did not have the legal capacity to prosecute a suit. The Texas Penal Code originally codified the common law rule, but the Code no longer contains provisions for forfeiture of civil or political rights as a possible penalty for criminal conviction. Nor is there any prohibition in the federal scheme that would prevent a prisoner's prosecution of a civil rights action, as statistics hereafter discussed amply demonstrate. Further, if an inmate is indigent, he may be granted in forma pauperis status pursuant to 28 U.S.C. § 1915 and avoid the payment of costs. Although most inmate plaintiffs in civil rights suits are not represented by counsel, they are supplied with printed forms and detailed instructions for filing a complaint. Finally, prisoners are aided in gathering evidence through the liberal discovery rules of the Federal Rules of Civil Procedure. *Miller, supra*, at 825–26.

The outdated assumption upon which the 1879 Texas tolling provision for prisoners is based is wholly inconsistent with the Courts' present experience. That prisoners are not precluded from filing civil rights suits, as assumed by Article 5535, and that they have eagerly taken advantage of the liberal pleading and discovery aids detailed above is evident from the number of prisoner cases presently being filed in the federal courts. In the twelve-month period ending June 30, 1977, 19,537 civil cases were filed by prisoners in the United States District Courts. *Administrative Office of the United States Courts: 1977 Annual Report of the Director for the Twelve Month Period Ending June 30, 1977,* at 98. This figure of nearly 20,000 represents 14.96% of the total number of cases filed in the U.S. District Courts during this recent twelve-month period. During the twelve-month period ending March 31, 1977, 602 actions were filed by prisoners in this District alone. Three-hundred & thirty-four (334) of these actions, or 55% of the total number filed, were civil rights actions. It is significant that while the total number of civil cases filed in the U.S. District Courts has increased

120.2% from the year 1960 to 1977, the number of prisoner filings has increased a whopping 797.4% in the same period. *Id.* It is therefore readily evident that prisoners are not, in fact, disabled from filing civil rights suits as they may have been at common law or under early Texas law. On the contrary, the rationale for a prisoner's disability in filing a suit, as codified in Texas' century-old statute, has long since become obsolete.

In fact, it has been over seventy-five years since a state court in Texas in a published opinion has tolled the statute of limitations based on the plaintiff's imprisonment. *Lasater v. Waites,* 67 S.W. 518 (Tex.Civ.App.1902). Thus it seems unreasonable for the federal courts to be bound to a mechanical, irrational application of the state tolling provision when the state's own courts have found no occasion for its application in over three quarters of a century, and when the statutory predicate for the tolling provision has been repealed. *Cf. Heard v. Caldwell,* 364 F.Supp. 419 (S.D.Ga. 1973).

An important principle of statutory construction is that statutes should not be read "mechanically, . . . nor in a fashion so confined to the bare words that our literalism risks a strangulation of [the] meaning." *Espinoza v. Farah Manufacturing Company,* 462 F.2d 1331, 1333 (5th Cir. 1972), aff'd 414 U.S. 86, 94 S.Ct. 334, 38 L.Ed.2d 287. Where a literal application of the statutory language "would lead to absurd results, or would thwart the obvious purpose of the statute," the Court has an obligation to construe the statute in a fashion that gives effect to the legislative intent. *Commissioner of Internal Revenue v. Brown,* 380 U.S. 563, 571, 85 S.Ct. 1162, 1166, 14 L.Ed.2d 75 (1965). Clearly, legislative intent would be thwarted by application of the tolling provision to prisoner actions since the Legislature's intent in enacting the statute was "to afford due process to those who were genuinely 'disabled' and not simply to suit the convenience of those imprisoned." *Miller, supra,* at 827.

This Court, therefore, finds that the Texas tolling provision based on incarcera-

tion should not be applied in civil rights actions in the federal courts and, accordingly, defendant's motion to dismiss should be granted.

In the alternative, the Court finds that this action can also be dismissed pursuant to Fed.R.Civ.P. 56 because plaintiff has not been continuously incarcerated from the date on which the alleged action by defendant occurred, August 24, 1972, to the date the action was filed, as required under the Texas tolling provision. It is clear from the parties' responses to the Court's written inquiry on plaintiff's dates of incarceration that from August 27, 1972, to June 20, 1973, plaintiff was not incarcerated. Thus, even if plaintiff were entitled to claim the benefits of the Texas disability statute based on his imprisonment, his release from confinement on August 27, 1972, would commence the running of the two-year statute of limitations according to the clear meaning of the Texas tolling provision. The subsequent incarceration of plaintiff on June 30, 1973, even if found to be a disability, would not interrupt the running of the statute. *Roman v. A. H. Robins Co., Inc.,* 518 F.2d 970 (5th Cir. 1975). Since this case was not filed until June 30, 1977, it is unquestionably time-barred.

Therefore, defendant's motion to dismiss is hereby GRANTED and this action is accordingly DISMISSED with prejudice.