PER CURIAM:
Harold and Carol Anderson were convicted of violation of 26 U.S.C. § 7205, willful filing of a false withholding certificate. In 1974 Mr. Anderson attended a tax protest seminar at which he was told that he could avoid having any money withheld from his salary by claiming a large number of withholding allowances. Three days after the seminar Anderson changed his withholding certificate to show eighteen allowances. His wife changed her certificate to show ten allowances. When the Andersons filed their 1974 tax return they omitted all financial information and entered only constitutional objections. They also attached tax protest literature. A jury found both defendants guilty of the willful filing of a false certificate.[1]
On appeal defendants raise multiple points of error. After careful consideration of the record we find that none of the points has any merit and we affirm the defendants’ convictions.
Defendants’ first claim was that the trial court was biased against them. They contended that this bias was demonstrated by the court’s admission of edited tapes of a tax protest seminar attended by the defendant Harold Anderson and by the trial court’s admonition to Harold Anderson that it would not tolerate behavior that was consistent with protest and delay tactics advocated at the seminar. The trial judge explained to the jury that the tapes of the tax protest seminar had been edited. He did not abuse his discretion in admitting the edited tapes into evidence. United States v. Denton, 556 F.2d 811 (6 Cir. 1977) cert. denied, 434 U.S. 892, 98 S.Ct. 269, 54 L.Ed.2d 178 (1977). The trial court’s admonition occurred outside of the jury’s presence. The trial court had not only the right but a duty to assure that the trial was conducted in an orderly fashion. United States v. Walker, 559 F.2d 365 (5 Cir. 1977). District courts are not required to indulge a pro se defendant’s continuous attempts to inject extraneous and irrelevant matter into the record.
Defendant Carol Anderson claims that the evidence was insufficient to convict her. Viewing the evidence in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), and resolving all reasonable inferences and credibility choices in support of the jury verdict, United States v. Zweig, 562 F.2d 962 (5 Cir. 1977), we think that the jury could reasonably have found that Carol Anderson willfully supplied false or fraudulent information on her withholding certificate. Mrs. Anderson’s defense appeared to be that she followed her husband’s instructions in tax matters. While it is true that this circuit has held that a defendant who requests an instruction that he relied on competent tax counsel in the preparation of a return is entitled to that instruction, Bursten v. United States, 395 F.2d 976 (5 Cir. 1968), that holding does not mean that a reliance defense is available in every case. Mrs. Anderson herself filled out a W-4 form at her place of employment. She claimed ten withholding allowances. When asked why she wished to amend the form she offered only evasive answers. The Andersons had claimed only five exemptions during the three years pri- or to their 1974 amendment of withholding *261 certificates. Mrs. Anderson offered no evidence that she believed that the increase in the number of allowances was justified by a sudden increase in deductions. We think that a jury could reasonably have found that she possessed the requisite knowledge and willfulness.
Both Andersons claim that they were denied representation by their counsel of choice and that they did not effectively waive their right to counsel. The Andersons wished to be represented by an individual who was not a member of the bar admitted to practice before the federal district court but who had apparently had some legal training. Law school attendance does not convert an individual into an attorney. There is no sixth amendment right to be represented by a non-attorney, as this court has consistently held in cases similar to this one. Weber v. Garza, 570 F.2d 511 (5 Cir. 1978). A defendant may either represent himself or he may have an attorney. That is all the sixth amendment requires. Mr. Anderson now apparently claims that the trial court’s actions were inconsistent because it held that he could not be represented by a non-lawyer but it permitted him to represent Mrs. Anderson. The record clearly reveals that Mrs. Anderson represented herself. The trial court permitted Mr. Anderson to speak for both defendants in general matters only to prevent Mrs. Anderson from having to continually repeat what her husband had said and to avoid constant seconding of objections. The trial judge was aware of the potential conflict of interest that might arise with witnesses related only to Mrs. Anderson’s defense. He stated that Mrs. Anderson would have to examine those witnesses and that Mr. Anderson was not competent to do so. Mrs. Anderson was clearly told that she had some responsibility to represent herself and that her husband could not do it for her; to the extent that she failed to examine witnesses she waived any rights that she had to do so. The trial court was faced with an extremely difficult situation in this matter. The defendants were somewhat recalcitrant. Mrs. Anderson did not want to conduct the trial but she did not want the court to appoint an attorney. The court could not force an attorney on her once she clearly stated that she would represent herself. Having made that choice she cannot now retract on the ground that her representation was less than complete.
The Andersons make several evidentiary complaints. First they complain that their 1974 and 1975 tax returns on which fifth amendment privileges were claimed in place of reported income should not have been admitted. Not only was this evidence probative of intent, it was admitted without objection. Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Second Harold Anderson complains that he should have been allowed to read from an attachment to his 1974 return. The attachment detailed how the IRS was “out to get people”. He also complains that he should have been allowed to read from his grand jury testimony. The grand jury testimony that Anderson wished to repeat was restricted by the trial judge on the ground that it was self-serving. The trial court did not permit the 1974 attachment to be read because it was not relevant. Neither of the trial court’s actions was error.
The Andersons also contest the sufficiency of the indictment in this case. The indictment charged the Andersons with wrongfully claiming withholding exemptions. They argue that they claimed allowances not exemptions. The meaning of exemption and allowance overlap sufficiently in this context to apprise the Andersons of the offense. See United States v. Carter, 568 F.2d 453 (5 Cir. 1978).
Finally the Andersons argue that the trial court erred in permitting the government to introduce protest returns, amended withholding certificates and letters written to the IRS by a Mr. Bertolini, a co-worker of Mr. Anderson. Anderson and Bertolini attended the tax protest seminar together. Bertolini was originally a co-defendant with the Andersons but his trial was severed. The government claimed that the evidence was relevant to show a common plan or scheme to obstruct IRS func *262 tions through blocking the withholding of federal income tax and that the common plan was relevant to show the defendant’s guilty intent in filing the false certificates. Generally speaking evidence of an accused’s acts of misconduct or crimes other than the charged crime is admissible to show knowledge, intent, motive, design, scheme or the like where it is an essential element of the commission of the charged offense. United States v. Crockett, 514 F.2d 64 (5 Cir. 1975). The difficulty is that in this case the government did not charge a conspiracy so that the scheme was not an essential element of the crime with which the Ander-sons were charged.
We need not, however, reach the difficult issue whether the admissions and statements of third persons are admissible in the absence of a conspiracy count in the indictment if there is sufficient independent evidence of a concert of action between the defendants. Cf. Fuentes v. United States, 283 F.2d 537 (9 Cir. 1960). Not every error on the part of a district court mandates reversal. If, taking the record as a whole, the error is harmless beyond a reasonable doubt, the conviction must be affirmed. United States v. Resnick, 483 F.2d 354 (5 Cir. 1973), cert. denied, 414 U.S. 1008, 94 S.Ct. 370, 38 L.Ed.2d 246. The government introduced evidence that defendant Harold Anderson attended a tax protest seminar. It also introduced evidence that three days later both Andersons changed their withholding certificates to claim a total of twenty-eight withholding allowances. When their employers questioned them, both Andersons gave vague answers for the sudden increase. The twenty-eight allowances would have required anticipated itemized deductions of $20,550. Neither Mr. or Mrs. Anderson made any claim that they expected their deductions to amount to that much. The evidence overwhelmingly established that the Andersons took the deductions as a form of tax protest. The jury could reasonably have convicted both defendants even without the incremental evidence that Ber-tolini also participated in the protest scheme. The introduction of his participation was therefore harmless error. The convictions of Harold and Carol Anderson are AFFIRMED.

. Defendant Harold Anderson was sentenced to one year in prison and a five hundred dollar fine. Defendant Carol Anderson was sentenced to a one year suspended sentence, a five hundred dollar fine and five years probated sentence.