**Bruce MILLER, Plaintiff-Appellant,**

v.

**N. S. SMITH, Individually and in his capacity as a member of the Dallas Police Department, et al., Defendants-Appellees.**

**No. 77–2610.**

United States Court of Appeals,
Fifth Circuit.

April 21, 1980.

Ronald G. Franklin, Hill & Parker, Houston, Tex., for plaintiff-appellant.

Joseph G. Werner, Asst. City Atty., Dallas, Tex., for defendants-appellees.

Renea Hicks, Asst. Atty. Gen., Austin, Tex., amicus curiae, for the State of Texas.

Before COLEMAN, Chief Judge, KRAVITCH and HENDERSON, Circuit Judges.

COLEMAN, Chief Judge.

On January 4, 1967, Bruce Miller was arrested for robbery with firearms and has since been continuously in prison. Miller pleaded guilty to the charge but this was set aside because the trial court had not sufficiently apprised him of the possible punishment, *Miller v. State*, 424 S.W.2d 430 (Tex.Cr.App.1968). Upon remand, Miller stood trial and was convicted. This conviction was affirmed, *Miller v. State*, 472 S.W.2d 269 (Tex.Cr.App.1971). The appellate court held specifically that Miller's arrest was lawful because it had been made on probable cause, 472 S.W.2d at 272.[1]

More than nine years passed after Miller's arrest February 4, 1976, he filed a *pro se* suit for damages, 42 U.S.C., Sections 1981, 1983, and 1985, in which he charged that Officer N. S. Smith and Chief Donald Byrd of the Dallas Police Department had

---

1. [5] Appellant's fourth ground of error is that certain items were improperly admitted in evidence. He claims that these items were the fruits of an illegal search and seizure.

A Dallas police officer testified that while on patrol in a squad car at about 2:30 a. m., he observed a car travelling south on Central Expressway at an excessive rate of speed. He pursued the car, and determined that it was travelling at a rate of about 90 miles per hour (the speed limit at that location was 50 miles per hour). The car exited from the expressway, ran a blinking light, and was stopped by the officer. During the chase, the officer observed a passenger in the rear seat of the car (the appellant) changing his clothes. As the officer approached the car, he could see a quantity of money in a cap through the window of the car. The officer asked the driver to produce a driver's license; the driver said that he did not have a license. The officer then searched the car and found the remaining items (a pistol, and some items of clothing identified by other witnesses as those worn by appellant during the robbery).

The traffic violation, the suspicious act of the passenger in changing clothes, and the money in the cap, which was in open view under the circumstances, were sufficient to constitute probable cause for the search and arrest. *Bowling v. State*, 438 S.W.2d 930 (Tex.Cr.App.,1969); *Breckenridge v. State*, Tex.Cr.App., 460 S.W.2d 907; *Taylor v. State*, 421 S.W.2d 403 (Tex.Cr.App., 1967). 472 S.W.2d at 272.

unlawfully arrested him on the robbery charge, in violation of his constitutional rights.

■ An arrest is to be viewed as proper as long as a conviction flowing from that arrest stands, *Covington v. Cole*, 528 F.2d 1365 (5 Cir., 1976), but the police officers relied instead on the Texas two-year statute of limitations, Article 5526 V.A.T.S.[2] Miller responded that this period of limitation was tolled during his imprisonment by Article 5535 of the Texas statutes.[3] The District Court disagreed with this contention and dismissed the complaint, *Miller v. Smith*, 431 F.Supp. 821 (N.D.Tex.1977).

■ Since there is no federal statute of limitations for civil rights actions, federal courts will apply that statute of limitations which the forum state prescribed for suits seeking similar relief in state courts. *E. g.*, *Proctor v. Flex*, 567 F.2d 635 (5 Cir., 1978); *Kissinger v. Foti*, 544 F.2d 1257 (5 Cir., 1977); *Knowles v. Carson*, 419 F.2d 369 (5 Cir., 1969).

The Texas *tolling statute* (Footnote 3, *supra*) was last amended effective January 1, 1968, when the ancient imprisonment tolling provisions were left intact.

In the posture in which the case comes to us, the sole issue is whether the application of a state statute of limitations in a civil rights case mandates application of a state "tolling" provision where one exists.

Although there have been a few cases which peripherally approached it, this issue has not been precisely decided in this Circuit. *Bryant v. Potts*, 528 F.2d 621 (5 Cir., 1976) was a *pro se* prisoner suit, 42 U.S.C., Section 1983, alleging that property belong-ing to the plaintiff had been unlawfully seized and retained by defendant police officers. The seizure occurred December 16, 1969. The suit was not filed until September 15, 1975, far beyond the expiration of the Texas two-year limitations. The district court applied the two-year statute but the Texas tolling provisions had not been brought to its attention. Our panel vacated and remanded to allow the district court to "consider the applicability" of the tolling statute and "for further proceedings in due course *in the event it is found applicable*" (emphasis added), 528 F.2d at 623. Nothing was said in the opinion as to the standards to be observed by the district court when it "considered" the applicability of the tolling statute. In any event, the trial court was not told that it was required to apply the tolling statute.

*Grundstrom v. Darnell*, 531 F.2d 272 (5 Cir., 1976) (Summary Calendar) was a *pro se* 42 U.S.C., Section 1983, suit against a sheriff for certain alleged violations of civil rights. The district court dismissed on the ground that habeas corpus was the appropriate remedy. Our panel agreed and offered the observation that

It appears that Vernon's Ann.Tex. Stats. Art. 5535, which tolls limitations statutes as applied to persons imprisoned, will protect plaintiff against a statute of limitations bar as to any civil rights claims which he may eventually wish to assert, after full pursuit of habeas corpus relief. It has not been argued otherwise.

This observation, however, was not necessary to the decision of the case and there was no reasoned analysis in support of the observation.

---

**2.** Art. 5526. [5687–98] [3354–63] [3203–12] Actions to be commenced in two years

There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

    \*    \*    \*    \*    \*    \*

6. Action for injury done to the person of another.

**3.** Art. 5535. [5708] [3373] [3222] Person under disability

If a person entitled to bring any action mentioned in this subdivision of this title be at the time the cause of action accrues either a minor, a married person under twenty-one years of age, a person imprisoned or a person of unsound mind, the time of such disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title.

Amended by Acts 1967, 60th Leg., p. 740, ch. 309, Section 3, eff. Jan. 1, 1968.

On the other hand, we do not overlook Footnote 1 in the Fifth Circuit Section 1983 case of *Neel v. Rehberg*, 577 F.2d 262, 264 (1978):

> 1. In support of his contention that none of his allegations are time-barred, the plaintiff points to Ga.Code Ann. § 3–801, which provides:
>
>> Infants, idiots, or insane persons, or persons imprisoned, who are such when the cause of action shall have accrued, shall be entitled to the same time, after the disability shall have been removed, to bring an action, as is prescribed for other persons.
>
> Thus, according to Neel, Georgia statutes of limitation are tolled in the case of persons under legal disability, which includes prisoners. In *Heard v. Caldwell*, S.D.Ga., 1973, 364 F.Supp. 419, the district court found that the doctrine that a prisoner cannot sue no longer exists in Georgia, and, in any event, that "[b]orrowing the state [statute of limitations] for the purpose of Civil Rights suits does not necessarily carry with it to the federal courts a tolling provision of the state law which has [the] effect" of "impeding or delaying the plaintiff from resort to the federally-created remedy." "The policy and intent of the federal law must be considered in dealing with the state limitation," the court added. 364 F.Supp. at 422. We agree with the district court and find that as a matter of federal law, Ga.Code Ann. § 3–801 does not apply to suits brought pursuant to 42 U.S.C. § 1983. *See Mizell v. North Broward Hospital District*, 5 Cir., 1970, 427 F.2d 468.

We are aware that the Sixth Circuit has held in a Section 1983 case that a federal district court borrowing the Ohio statute of limitations should have utilized the state tolling statute, *Austin v. Brammer*, 555 F.2d 142 (1977). To like effect, especially citing a New York Advisory Committee report that "As to a person imprisoned, legal capacity to sue, if it exists, is only a theoretical right" (1958), *see Ortiz v. LaVallee*, 442 F.2d 912 (2 Cir., 1971). The Ninth Circuit has also held that state statutory

tolling must be observed, *see Ney v. State of California*, 439 F.2d 1285 (Circuit Judge Kilkenny dissenting, 1971); *Horn v. Bailie*, 309 F.2d 167 (9 Cir., 1962). *See, also, Duncan v. Nelson*, 466 F.2d 939 (7 Cir., 1972).

None of these cases contain any extended discussion or analysis for simply holding that in borrowing a state statute of limitations in a civil rights damage suit a federal district court is required to bring along, in tandem, a state tolling provision.

### The District Court Decision

In declining to apply the Texas tolling statute to this civil rights case the District Court reasoned as follows:

1. At common law, a convicted felon was civilly dead and had not the legal capacity to prosecute a suit. Originally, this was the codified law of Texas, since repealed.

2. It has been over 75 years since a state court in Texas in a published opinion has tolled a statute of limitations because of a plaintiff's imprisonment [In 1978 a Texas Court of Civil Appeals applied the Texas tolling statute in favor of a Texas prisoner suing for personal injuries under the Texas Tort Claims Act, *Jenkins v. State*, 570 S.W.2d 175 (Tex.Civ.App., Houston, 1978)].

3. During the fiscal year 1976, 668 civil rights suits were filed in the United States District Courts in Texas, of which 41% were filed by prisoners.

4. Federal law guarantees a state prisoner the right to prosecute civil rights suits. If the prisoner is indigent he may proceed *in forma pauperis*. If the claim appears meritorious a prisoner-plaintiff may have counsel appointed to represent him. Prisoners are aided in gathering evidence through liberal discovery rules.

5. In federal question cases, federal principles are to be followed as to when a cause of action has accrued and as to when a statute of limitations is to be tolled, citing *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946).

6. To apply the Texas tolling statute would be "inconsistent with the policies underlying the federal civil rights act and, therefore, would be improper under 42 U.S.C., Section 1988".[4]

Since the instant case was decided, another federal district court in Texas has met the same issue and decided it the same way, *Stephens v. Curtis*, 450 F.Supp. 141 (S.D. Tex.1978). The reported opinion in that case cites several other unreported federal district court decisions in Texas to like effect.[5] Reciting extensive statistics of a highly informative nature (450 F.Supp. at 143) the *Stephens'* Court pointed out that since 1960 civil filings in the district courts of the United States have increased 120.2% while prisoner filings have increased 797.4%. It was concluded:

> It is therefore readily evident that prisoners are not, in fact, disabled from filing civil rights suits as they may have been at common law or under early Texas law. On the contrary, the rationale for a prisoner's disability in filing suit, as codified in Texas' century-old statute, has long since become obsolete.

### Our Disposition of the Appeal

■ . *It is well settled* that in states having no applicable tolling statute, *imprisonment* does not stop the running of an applicable limitations statute, *Proctor v. Flex*, 567 F.2d 635 (5 Cir., 1978); *Kissinger v. Foti*, 544 F.2d 1257 (5 Cir., 1977).

The question then becomes: When it is evident that a prisoner has free access to the federal courts, and there is no claim or proof that the state by some deliberate action has impaired or obstructed that freedom, should a state tolling statute invariably be *mandated* for federal district courts in cases wherein the plaintiff has not acted within prescribed time limitations?

In an opinion by Mr. Justice Jackson, the Supreme Court disavowed support for "hoary litigation":

> Statutes of limitation, like the equitable doctrine of laches, in their conclusive effects are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.

*Order of Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944).

In *Occidental Life Insurance Company v. Equal Employment Opportunity Commission*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), the Supreme Court commented:

> State legislatures do not devise their limitations periods with national interests in mind, and it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies. "Although state law is our primary guide in this area, it is not, to be sure, our

---

4. **§ 1988. Proceedings in vindication of civil rights**

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having

jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.
R.S. § 722.

5. In 1974 another Judge in the Southern District of Texas held that the Texas tolling statute had to be observed in a civil rights case, *Campise v. Hamilton*, 382 F.Supp. 172, 185 (S.D., Tex., 1974), appeal dismissed 541 F.2d 279 (5 Cir., 1976), *cert. denied*, 429 U.S. 1102, 97 S.Ct. 1127, 51 L.Ed.2d 552.

exclusive guide." *Johnson v. Railway Express Agency*, 421 U.S. 454, 465, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295. State limitations periods will not be borrowed if their application would be inconsistent with the underlying policies of the federal statute. *Ibid.*; *Auto Workers v. Hoosier Cardinal Corp., supra*, 383 U.S. [696] at 701, 86 S.Ct. [1107] at 1110–1111; *Board of County Commissioners v. United States*, 308 U.S. 343, 352, 60 S.Ct. 285, 289, 84 L.Ed. 313.

432 U.S. at 367, 97 S.Ct. at 2455.

■ It is difficult to see how this principle as to borrowing state statutes of limitation should not apply with equal logic to the borrowing of state tolling provisions.

The purpose of the civil rights statutes is to promote, protect and vindicate those rights guaranteed by the Constitution to every citizen. A suit for money damages, long after the occurrence of the alleged infraction, is one form of vindication. However, to allow one, while the courts were open to him, to lie in wait for years beyond the expiration of an applicable statute of limitations before bringing a suit for money damages would tend to undermine the true policy of the civil rights statutes. This is so because a suit long after the fact could accomplish very little if anything, by way of effectively vindicating constitutional rights. Instead, it would become nothing more than a suit for the recovery of money as would be true of any ordinary private tort claim. That would be an especially unfortunate result in the case we now have before us, in which a litigant seeks to prosecute a civil rights action on the very point expressly rejected years previously by the highest court in the State having jurisdiction over the controversy.

1. 42 U.S.C. § 1988 provides:
   The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to

The decisive point is that tolling statutes are designed to preserve the rights of minors, lunatics, and others under disability until they are in position to invoke the aid of the courts. Even though Texas would honor the toll for prisoners in its own courts, there is no valid reason for honoring it in a federal court which at all pertinent times had been open to the prisoner.

Ordinarily, Miller's suit for money damages would have been barred on January 4, 1969. Miller was in prison when the suit was filed on February 4, 1976. Evidently, being a prisoner did not at that time interfere with his filing the suit. The record is silent, however, as to when Texas state prisoners began to enjoy unimpeded access to the federal courts for the filing of civil rights damage suits. Miller should be entitled to invoke tolling as to any period while he was in prison and before access to the federal courts was freely available to state prisoners. If such access was freely available for more than two years prior to February 4, 1976, then his suit was barred when filed.

We vacate the judgment of the District Court and remand for findings, and further proceedings, not inconsistent herewith.

VACATED and REMANDED.

KRAVITCH, Circuit Judge, concurring in part and dissenting in part:

I concur with the majority in vacating the judgment of the district court. I dissent from the portion which remands for an evidentiary hearing for a determination of applicability of the tolling provision. Rather, I would remand for trial upon the merits.

As resolved by the majority, the issue presented here is whether, in applying a state statute of limitations in a § 1983 action,[1] the federal court can alter the state

carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with

statute by imposing its own condition precedent. Conceding that four circuits[2] have upheld tolling provisions which are part of state statutes of limitations, but noting that this circuit has not decided the precise question whether it must honor such provisions, the majority concludes that the necessity for tolling during imprisonment no longer exists and that therefore this court can ignore such proviso in the Texas statute unless the prisoner first proves lack of access to the courts during his imprisonment. In my opinion, this encroaches upon the legislative and judicial functions of a state.

The Fifth Circuit consistently has recognized state tolling provisions where applicable and has refused to engraft such provisions in absence of state authority. Thus, when this circuit has been urged to toll statutes of limitations in cases arising out of Florida or Louisiana which statutes do not contain tolling provisions, we have declined to do so. *Knowles v. Carson*, 419 F.2d 369 (5th Cir. 1969) (applying Florida law); *Proctor v. Flex*, 567 F.2d 635 (5th Cir. 1978) and *Kissinger v. Foti*, 544 F.2d 1257 (5th Cir. 1977) (both applying Louisiana law). Alabama, Georgia and Texas statutorily toll the running of the limitations period during imprisonment. However, because the Georgia Supreme Court had refused to toll the statute of limitations for the duration of incarceration, *Scott v. Scott*, 192 Ga. 370, 15 S.E.2d 416 (1941) and *Hardin v. Dodd*, 176 Ga. 119, 167 S.E. 277 (1932), this result was adopted by a federal district court in a § 1983 action filed in Georgia. *Heard v. Caldwell*, 364 F.Supp. 419 (S.D.Ga.1973). In *Neel v. Rehberg*, 577 F.2d 262 (5th Cir. 1978), also a § 1983 action from Georgia, this court, in footnoted dicta, accepted the *Heard* analysis. However, *Neel* is not inconsistent with our policy of recognizing state tolling provisions where they exist and are currently applied. *Neel* merely acknowledged that the Georgia Supreme Court had abrogated the tolling proviso of the Georgia statute; therefore, it no longer existed as part of the state's limitations scheme. On the other hand, as noted in the majority opinion, this court has intimated that tolling provisions in Texas are still viable. *Grundstrom v. Darnell*, 531 F.2d 272 (5th Cir. 1976); *Bryant v. Potts*, 528 F.2d 621 (5th Cir. 1976).

More importantly, the tolling provision is currently recognized by the Texas courts. The Texas statute,[3] including tolling,[4] has been the law of Texas since 1869. Although various aspects of the statute have been modified on at least five occasions, the latest being in 1968, the Texas legislature has consistently reaffirmed the disability provision for prisoners. Furthermore, a Texas appellate court very recently expressly applied the prisoner tolling provision; the provision, therefore, is very much alive in Texas, at least in its own courts. *Jenkins v. State of Texas, et al.*, 570 S.W.2d 175

the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

**2.** *Austin v. Brammer*, 555 F.2d 142 (6th Cir. 1977) (applying Ohio law); *Ortiz v. LaVallee*, 442 F.2d 912 (2d Cir. 1971) (applying New York law); *Ney v. State of California*, 439 F.2d 1285 (9th Cir. 1971) and *Bergschneider v. Denver*, 446 F.2d 569 (9th Cir. 1971) (both applying California law); and *Duncan v. Nelson*, 466 F.2d 939 (7th Cir. 1972) (applying Illinois law).

**3.** Tex.Rev.Civ.Stat.Ann. art. 5526 (1925):
There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all

actions or suits in court of the following description:

6. Action for injury done to the person of another.

**4.** Tex.Rev.Civ.Stat.Ann. art. 5535 (1968):
If a person entitled to bring any action mentioned in this subdivision of this title be at the time the cause of action accrues either a minor, a married person under twenty-one years of age, a person imprisoned or a person of unsound mind, the time of such disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title.

(Tex.Civ.App.1978).[5] *Jenkins* thus supersedes the finding of the district court that "it has been 75 years since a State court has suspended the statute of limitations based on imprisonment."[6] Surely the recognition of the provision by the court system charged with the interpretation of Texas law should be dispositive with this court.

The majority reasons, as did the district court, that the purpose of tolling for prisoners has ceased to exist. As authority for this factual conclusion, the district court and the majority use statistics showing the number and percentage of civil rights actions filed in Texas by prisoners during 1976. The majority, quoting from *Stephens v. Curtis*, 450 F.Supp. 141 (S.D.Tex.1978), also relies upon the percentage of civil actions filed in the United States by prisoners since 1960. There is no showing, however, that these general statistics are relevant to this particular case. The majority attempts to rectify this deficiency by remanding for an evidentiary hearing at which defendant must prove, before the statute is tolled, that state prisoners did not have unimpeded access to federal courts during his imprisonment, a condition not imposed by the Texas legislature. The majority, however, has failed to cite any authority that necessity for a tolling statute is relevant to a determination by a *federal* court whether a valid *state* statute should be applied.

Although I concede that the historical need for tolling during imprisonment has diminished in recent years, and especially since *Johnson v. Avery*, 393 U.S. 483, 89

S.Ct. 747, 21 L.Ed.2d 718 (1969),[7] whether it has diminished sufficiently for the provision to be discarded is for the State of Texas to determine.[8]

---

5. In *Jenkins*, the court specifically held: "The statute of limitations was tolled during the period of the appellant's imprisonment and did not begin to run until after his release . . . Tex.Rev.Civ.Stat.Ann. art. 5535 (Supp.1978)." 570 S.W.2d at 177.

6. It should be noted that several Texas courts, in unpublished opinions *prior* to the *Jenkins* decision, declined to apply the tolling provision. However, in *Campise v. Hamilton*, 382 F.Supp. 172 (S.D.Tex.1974), *appeal dismissed*, 541 F.2d 279 (5th Cir. 1976), *cert. denied*, 429 U.S. 1102, 97 S.Ct. 1127, 51 L.Ed.2d 552 (1977), a federal district court held: "Imprisonment under Texas law is considered a disability and the statute of limitations does not begin to run until after the disability is removed." 382 F.Supp. at 185.

7. *Johnson v. Avery* was decided February 4, 1969, one month after the statute of limitations would have barred Miller's claim, and was the first Supreme Court case to specifically grant a prisoner "meaningful access to the courts."

8. Alternatively, the result reached by the majority could be accomplished by amending the Civil Rights Act so that state tolling provisions would not be applicable. This power is reserved for Congress, however, and not this court.