**Billy J. LEGGETT and Geraldine Leggett, Parents of Kenneth Wayne Leggett, Deceased, Plaintiffs-Appellants,**

v.

**Wesley STRICKLAND et al., Defendants-Appellees.**

No. 80–7538

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Unit B

March 27, 1981.

Dennis J. Strickland, Sr., Waycross, Ga., for plaintiffs-appellants.

George H. Wynn, Lakeland, Ga., John T. McTier, Valdosta, Ga., for City of Lakeland, Strickland and Peters.

O. Wayne Ellerbee, William A. Turner, Jr., Valdosta, Ga., D. W. Slone, Lakeland, Ga., for Jenkins, Jones and Lanier County.

Before TJOFLAT, VANCE and FRANK M. JOHNSON, Jr., Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

Alleging a deprivation of civil rights, plaintiffs filed this Section 1983 action. The incident from which the cause of action arose took place on March 30, 1978. On March 26, 1980, plaintiffs' attorney mailed the complaint to the clerk of the district court. The envelope containing the complaint did not have sufficient postage affixed and thus the complaint was returned to plaintiffs' attorney on March 28, 1980, marked refused due to insufficient postage. At that time sufficient postage was attached and the complaint was remailed. The complaint was not received by the clerk of the court until April 1, 1980. Defendants answered with a general denial and the defense that the complaint was barred by the two-year statute of limitations. *See* Ga.Code § 3–1004. Additionally, each defendant filed a motion to dismiss on the ground that the complaint was time barred. The district court granted the motion and denied plaintiffs' subsequent motion for rehearing. Plaintiffs appeal. We affirm.

■ The parties agree that the applicable statute of limitations is Georgia Code, Section 3–1004, which provides a two-year limitation period.[1] Thus, to be timely the complaint must have been filed on or before March 29, 1980. The complaint clearly shows that it was not filed with the clerk of the court until April 1, 1980. Plaintiffs acknowledge that the complaint was officially filed and marked as filed after the March 29 deadline, but argue that they sufficiently complied with the Statute of Limitations when the pleadings were placed in the post office box of the clerk of the district court. In support of this rationale, plaintiffs cite *Johansson v. Towson*, 177 F.Supp. 729 (M.D.Ga.1959), a case in which the district court held that placing a complaint in the clerk's post office box prior to the running of the Statute of Limitations was timely filing even though the clerk did not open the box until after the statutory period had expired. *Johansson*, however, presented a different situation than the instant case, for in *Johansson* the complaint was placed in the clerk's post office box before the statute of limitations had run. In the instant case, plaintiffs did not offer such proof. Rather, they offered an affidavit of their attorney's secretary, which averred only that the affiant mailed the complaint to the clerk's office on March 26, 1980, that the complaint was refused due to insufficient postage, that the complaint was returned to her on March 28, 1980, and that she then placed the complaint in a new

---

1. Federal law does not supply a federal Statute of Limitations for Section 1983 claims. Section 1988 of title 42, U.S.C., however, instructs the federal courts to refer to state law "when federal law provides no rule of decision for actions brought under § 1983." *Board of Regents v. Tomanio*, 446 U.S. 478, 484, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980); *see, e. g., Robert-son v. Wegmann*, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978). Thus, in a Section 1983 action, a federal court will borrow the state Statute of Limitations applicable to an analogous cause of action. In this case, the analogous cause of action is an action for wrongful death, and the applicable Statute of Limitations is Georgia Code § 3–1004.

envelope and affixed adequate postage to the envelope. The plaintiffs offered no evidence that the complaint was ever in the actual or constructive possession of the clerk. The defendants, on the other hand, offered the affidavit of the clerk of the court, in which the clerk averred that it is her policy to refuse to accept any mail with insufficient postage; that no such mail was ever placed in the post office box assigned to her office; that the complaint in question was not in the post office box by Monday, March 31, 1980; and that the complaint was in the box by the morning of April 1, 1980. On the basis of these affidavits, the district court concluded that, wherever the complaint was, it was not in the hands of the clerk of the court before the expiration of the limitations period. Since the affidavits reveal without dispute that the complaint was not in the actual or constructive possession of the clerk until after March 29, 1980, the district court correctly held that plaintiffs did not comply with the requirements of the Statute.

■ Next, plaintiffs seek to avoid the time bar by reasoning that the Statute was tolled by virtue of Georgia Code, Section 3–805, which provides that the Statute of Limitations is tolled when a defendant removes him/herself to another state. *See also* Ga.Code § 3–1005. Because two of the defendants removed themselves to other states before the expiration of the statutory period, plaintiffs argue that, as to those defendants, the statute was tolled.[2] Defendants argue that the tolling statute is inapplicable, citing *Neel v. Rehberg*, 577

F.2d 262 (5th Cir. 1978), in which the court held that a Georgia statute which tolled the running of the Statute of Limitations was, as a matter of federal law, inapplicable to suits brought pursuant to 42 U.S.C. § 1983. Plaintiffs attempt to discredit defendants' reliance on *Neel*, arguing that the recent Supreme Court case of *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), teaches that, in Section 1983 suits, federal courts must apply state rules of tolling as well as state law of limitations. We decline to decide, however, whether or to what extent the *Tomanio* decision modifies our holding in *Neel*, for it is clear that, even if state tolling statutes apply to all Section 1983 suits, plaintiffs' action would nevertheless be barred. Plaintiffs' suit is barred because, under Georgia law, the tolling provision "applies only if the removal makes it impossible to perfect service of the defendant." *Railey v. State Farm Mutual Automobile Ins. Co.*, 129 Ga. App. 875, 201 S.E.2d 628 (1973). Because there is no indication that defendants' removal made it impossible to perfect service on defendants, *see* Ga.Code § 81A–104; *see also* Ga.Code § 24–113.1, the tolling provision is inapplicable in the instant case.

Finding no error, we AFFIRM.

---

**2.** Plaintiffs argue that the Statute is tolled as to two defendants because of their absence from the state and as to the other defendants because the cause of action was not severable, *see* Ga.Code § 3–806. Because of our holding that the Statute was not tolled by defendants' absence from the state, we do not consider the issue of nonseverability.