Gerard J. SCHAEFER, Jr.,
Plaintiff-Appellant,

v.

Edward STACK, Former Sheriff of Broward County, et al.,
Defendants-Appellees.

No. 80–5636
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

March 30, 1981.

---

Gerard J. Schaefer, Jr., pro se.

Carey, Dwyer, Cole, Selwood & Bernard, Shailer & Purdy, Philip S. Shailer, Fort Lauderdale, Fla., Steven R. Berger, Miami, Fla., for defendants-appellees.

Before HILL, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Gerard J. Schaefer appeals from the determination that his *pro se* suit under 42 U.S.C.A. § 1983 (1974) is barred by the most analogous Florida statute of limitations. Appellant is and has been since 1973 a prisoner in custody of the Florida prison system. He filed this suit on October 9, 1979, to recover certain items seized by the appellees pursuant to a search warrant in April, 1973. In September 1973, and February, 1974, following his conviction for murder, appellant's attorney filed motions to recover the property seized under the warrant. Some, but apparently not all, of the property was returned. The district court applied Florida's four-year statute of limitations Fla.Stat.Ann. § 95.11(3)(f) (Supp.1980) and dismissed the complaint. Appellant does not contest the determination that the four-year statute applies but alleges that (1) he was not aware of the cause of action until August, 1979; (2) the violation was a continuing one; and (3) he was in solitary confinement with an inadequate library until 1977 and was not able to assert his rights until that time. Finding no merit to any of these attempts to extend the statutory period, we affirm.

The district court was correct in dismissing the complaint because it shows on its face that the four-year period had expired. It is evident that appellant knew that his property had been seized in 1973; some of it was introduced at trial. Despite his claimed ignorance of the motions filed by his attorney, it is clear that in 1973 or early 1974, appellant was aware of the facts giving rise to this cause of action.

Appellant's argument that the violation is a continuing one is without merit. *Cf. Kittrell v. City of Rockwall*, 526 F.2d 715 (5th Cir.), *cert. denied* 426 U.S. 925, 96 S.Ct. 2636, 49 L.Ed.2d 379 (1976) (statute of limitations starts to run on the date of wrongful appropriation of land, and bars any suit filed after the statute has run.)

Finally, appellant argues that, even if he should have known of his cause of action, his solitary confinement without an adequate law library should toll the statute of limitations. We find no merit in appellant's argument. We have held, applying the applicable Florida law, that imprisonment does not suspend the running of the statute of limitations on a civil rights claim. *Knowles v. Carson*, 419 F.2d 369 (5th Cir. 1969); *see also Kissinger v. Foti*, 544 F.2d 1257 (5th Cir. 1977) (Louisiana statute of limitations). Appellant's arguments merely expounded upon these rejected in *Knowles*; we conclude that this analogous decision disposes of appellant's claim of tolling, especially in light of the fact that appellant has not indicated how either his solitary confinement or the alleged inadequate library might have lulled him into his failure to assert his cause of action. We do not believe that the alleged solitary confinement and the alleged inadequate library, by themselves, would have prevented appellant from contacting a lawyer or filing a *pro se* paper (which, under the prevailing rule of liberal construction of *pro se* communications to the court, would have been treated as a complaint) in federal court.[1]

---

1. Appellant relies upon our recent decision in *Miller v. Smith*, 615 F.2d 1037 (5th Cir. 1980). Appellant's reliance is misplaced. The question in *Miller* was whether a Texas statute which tolls a statute of limitations during imprisonment applies in a § 1983 action brought in Texas. Florida has no similar tolling provision to apply. Furthermore, we indicated in *Miller* that the statute of limitations might be tolled during the time that access to courts was not freely available to Texas state prisoners. *Id.* at 1042. By contrast, there is no suggestion that Florida prisoners in general or appellant in particular have been denied access to federal courts.

Since we have disposed of this appeal on summary calendar, appellant's motion for appointment of counsel for oral argument is denied.

MOTION DENIED; JUDGMENT AFFIRMED.