**Lorenzo STRONG, Plaintiff,**

v.

**James W. FAIRMAN, David Carr, D. Grant, H. Bradley, D. Russell, Clyde Tuttle, Lt. Davis, and Captain Yates, Defendants.**

No. 87 C 6017.

United States District Court, N.D. Illinois, E.D.

Dec. 3, 1987.

Lorenzo Strong, pro se.

Dan Softcheck, Asst. Atty. Gen., Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This case comes before the Court on defendants' motion to reconsider denial of their motion to dismiss. Citing *Miller v. Smith*, 615 F.2d 1037 (5th Cir.1980), defendants argue that the Illinois tolling provision of the statute of limitations conflicts with federal policy and should not be applied to suits brought under 42 U.S.C. § 1983 by prison inmates. While counsel's performance may provide reason to reconsider plaintiff's request for sanctions, the motion to reconsider the Court's ruling on the motion to dismiss is not well-taken.

The motion to reconsider is essentially a recycling of defendants' reply brief. The reply brief was filed after the Court had denied the motion to dismiss. Counsel attributes his tardiness in filing to failure to receive notice of the briefing schedule. Counsel did not receive notice because he "inadvertently" failed to file his appearance. Northern District of Illinois General Rule 3.14 requires an attorney to file an appearance form prior to or simultaneously with the filing of any motion. The Rule underscores the importance of this requirement by making the failure to file an appearance form subject to a $50 sanction for contempt. N.D.Ill.Gen.R. 3.14(e). As a government attorney who frequently appears in this Court, counsel should be well versed in the requirements of the local rules. Filing an appearance form should be as automatic as completing a certificate of service. Inadvertence is no excuse for violating Rule 3.14.

Defendants recognize that standing precedent in the Seventh Circuit requires the Court to borrow the Illinois statute tolling the running of statute of limitations for a plaintiff whose cause of action arose

162

while plaintiff was imprisoned on a criminal charge. *See Duncan v. Nelson*, 466 F.2d 939, 941–42 (7th Cir.), *cert. denied*, 409 U.S. 894, 93 S.Ct. 175, 34 L.Ed.2d 152 (1972). They argue, however, that its continued viability is questionable in light of subsequent cases guaranteeing inmates the right of access to prison law libraries or other means of assuring meaningful access to the courts. Although this argument has a certain surface appeal, it overlooks several more recent Seventh Circuit decisions indicating the propriety of applying the Illinois tolling statute to prisoner Section 1983 lawsuits. *See Crump v. Lane*, 807 F.2d 1394, 1401–02 n. 8 (7th Cir.1986). This Court is bound by Seventh Circuit precedent. Given the recent reaffirmation of the precedent defendants seek to overturn, their arguments are more properly addressed to the appellate court.

If defendants wish to advance their argument before the appellate court, however, their interests would be better served by more competent counsel. Counsel relies primarily on *Miller* to support his position that federal policy obviates the need for application of the state tolling provision in this case. He quotes *Miller* to lend impact to his argument. But he neglects to inform the Court that the opinion he cites was effectively vacated. The Fifth Circuit subsequently granted a petition for rehearing and explicitly rejected its prior holding that the Texas tolling statute did not apply to Section 1983 prisoner suits. *Miller v. Smith*, 625 F.2d 43 (5th Cir.1980). A tardy brief citing a discarded opinion as authority for this Court to overturn binding precedent in this circuit is something one might expect from a pro se prisoner, but should not tolerate from a licensed attorney.

The Court is also disturbed by the manner in which counsel presented defendants' statute-of-limitations defense. A novel request for the Court to reexamine existing case law should normally be raised in the initial brief. In that way the opponent can address the argument and fully develop the issue for the Court's consideration. To wait until the reply brief to present the substance of one's arguments is unfair and does little to advance the cause of justice.

In conclusion, for the reasons stated, the Court denies defendants' motion for reconsideration. It is so ordered.