Joseph A. Suozzi, J.
By this article 78 proceeding the petitioner seeks to annul the determination of the Nassau County Commissioner of Police by which a pistol permit which was issued in March of 1969 was revoked on March 19, 1970.
On January 3, 1970, while examining a gun in his home which had been handed to him by a friend for examination and possible purchase, the gun was fired by the petitioner and as a result his friend was struck on the side of his left knee. The petitioner claims that the firing was the 1 ‘ result of a hidden defect # * without any fault or neglect on the part of the petitioner.” The matter was investigated by the Nassau County Police Department, and as a result the respondent concluded that the petitioner had been careless in the handling of the pistol and for that reason revoked his permit.
Section 400.00 (subd. 11) of the Penal Law provides that “ A license may be revoked and cancelled at any time in the * * * county of Nassau by the licensing officer ”. This statute places the determination of whether or not a pistol permit should be issued completely within the discretion of the police commissioner, and his determination will not be disturbed unless it is clearly arbitrary. (See Matter of Moore v. Gallup, 267 App. *184 Div. 64, affd. 293 N. Y. 846.) The power to revoke stands on the same discretionary basis, and any revocation likewise will not be disturbed unless shown to be clearly arbitrary.
At the hearing held before this court in this matter, a weapons expert was called in petitioner’s behalf. He testified that the gun in question was defective, and that the discharge that caused the accident was due to the defect rather than the petitioner’s handling of the gun. Specifically, he stated that the magazine was not the proper one for the gun, and needed to be forced into the gun. On cross-examination the expert was asked, ‘1 When a pistol jams because a round fails to feed into the chamber, wouldn’t you say, sir, that the correct safety procedure would be to remove.the magazine? ” He answered, “ Generally speaking, this is the correct procedure. If you are a competent shooter you will know from frequent jams that this is the way to do it. However, if you are an inexperienced gun handler you would not necessarily know this.”
Unfortunately, the statute permitting the issuance of weapon permits does not expressly require a representation or a demonstration that the applicant (1) is competent to handle a gun; (2) that he is sufficiently familiar with the type of gun for which a permit is sought to detect any defect in its operation; and (3) that he is familiar with all the safety precautions which must be taken in the handling of guns. However, implicit in making an application for such a permit is a representation to this effect by the applicant. The mere occurrence of the incident upon which the revocation was predicated satisfies this court that this petitioner should not have been entrusted with the right to handle a pistol and the police department acted properly, in the petitioner’s as well as the public’s interest, in revoking his permit. The court finds that the action taken by the respondent under the circumstances cannot be construed as arbitrary, and accordingly the petition is dismissed.
It should be noted that, but for good fortune, the incident which brings this matter before the court could have caused the death of the person who was struck. It would seem wise to this court that if the practice of issuing gun permits is to continue — and undoubtedly it will — the Legislature should require that the issuance thereof be conditioned upon the satisfactory completion by the applicant of a course in gun handling and .safety procedures. Such a requirement would provide greater assurance than is presently available that the persons to whom permits are granted are competent to handle such a dangerous weapon.