**William ORTIZ, Plaintiff-Appellant,**

v.

**J. Edwin LaVALLEE et al., as Agents of the State of New York, Defendants-Appellees.**

**No. 844, Docket 34000.**

United States Court of Appeals,
Second Circuit.

Argued May 27, 1970.

Decided March 25, 1971.

Arlene R. Silverman, Asst. Atty. Gen. of the State of New York (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for appellee.

Robert Hermann, New York City (Skadden, Arps, Slate, Meagher & Flom, New York City, of counsel), for appellant.

Before WATERMAN, FRIENDLY and HAYS, Circuit Judges.

HAYS, Circuit Judge:

William Ortiz, an inmate of Clinton State Prison, Dannemora, New York,[1] appeals from an order of the United States District Court for the Northern District of New York dismissing with-

out a hearing his complaint brought under Section 1 of the Civil Rights Act of 1871, 17 Stat. 13, 42 U.S.C. § 1983 (1964), on the ground that his claims were barred by the applicable state statute of limitations. Appellant was granted leave to appeal *in forma pauperis,* and we assigned counsel.

We reverse the district court.

I.

Appellant's *pro se* complaint alleges that in "July of 1965, or thereabouts," while he was incarcerated in Auburn State Prison in Auburn, New York, he was summoned to a disciplinary hearing before J. T. Deegan, described as the "principal keeper" of the prison. Specifically, appellant charges that as he was being escorted back to his cell by two other prison officials after his meeting with Deegan, these two officials assaulted him without provocation. He alleges that when he attempted to defend himself, Deegan joined the fray and these three "beat, kicked and otherwise severely thrashed" him. Deegan then struck him in the back with a sharp instrument, inflicting a wound at least two or three inches in length. Appellant alleges that he was removed for an unspecified period of time to a "dark cell" and that he "did not receive any medical attention until the following day, when several stitches were applied to close the wound." Appellant requests "equitable relief of some sort," which can properly be taken as a demand for money damages.

II.

Citing Swan v. Board of Higher Education, 319 F.2d 56 (2d Cir. 1963), for the proposition that the applicable statute of limitations for a suit brought

1. Appellant was convicted in Supreme Court, New York County, upon a plea of guilty of robbery in the third degree and was sentenced on October 9, 1962 to a term of from 3½ to 7 years' imprisonment. Subsequently, on January 16, 1963, appellant was convicted, after a jury trial in Supreme Court, Bronx County, of assault in the second degree and was sentenced to a term of from 2½ to 5 years' imprisonment. These sentences were made to run consecutively, and accordingly appellant has a current maximum release date of May 27, 1974.

under the Civil Rights Act is that which the state courts would enforce in a comparable state action, the district court correctly ruled that the timeliness of appellant's complaint was governed by the three-year period of limitations prescribed by New York CPLR § 214(2) (McKinney's 1963) for "an action to recover upon a liability * * * created or imposed by statute * * *." See *id.*; Romer v. Leary, 425 F.2d 186 (2d Cir. Apr. 10, 1970). Accordingly the court held that since appellant's cause of action arose in July, 1965 but the complaint was not filed until more than three years later, in August, 1969, his suit was barred.

Appellant claims that the district court erred in failing to consider the tolling provisions of New York CPLR § 208 (McKinney's 1963).

CPLR § 208 provides, in pertinent part:

"If a person entitled to commence an action is, at the time the cause of action accrues * * * imprisoned on a criminal charge or conviction for a term less than for life, and the time otherwise limited for commencing the action is three years or more * * * the time within which the action must be commenced shall be extended to three years after the disability ceases * * *. The time within which the action must be commenced shall not be extended by this provision beyond ten years after the cause of action accrues * * *."

■ The State attempts to avoid the literal applicability of this tolling statute by urging that it was intended to apply only where New York law prevents an imprisoned felon from bringing suit. See New York Civil Rights Law § 79 (McKinney's Supp. 1969–70). The State argues that since New York's "civil death" law does not disable a state prisoner from bringing suit under the Civil Rights Act, CPLR § 208 may not be applied to toll the period of limitations otherwise applicable to appellant's suit.

It would appear, however, that CPLR § 208 was motivated at least in part by a recognition of the practical, as well as the legal, difficulties prisoners face in instituting and prosecuting suits. The advisory committee report preceding the enactment of CPLR § 214 stated:

"The provisions for extension because of the existence of the stated disabilities present controversial policy questions, but the committee concluded that no change should presently be made in the grounds for extension. * * * As to a person imprisoned, legal capacity to sue, if it exists, is only a theoretical right. Litigants have difficulty enough, though they be at large, tracking down their obligors and determining the nature of the liability and where, when and whether to sue."

Second Preliminary Report of the Advisory Comm. on Practice and Procedure, New York State Legislative Document No. 13, at 58 (1958).

Thus it would seem that CPLR § 208 was intended to apply even where a prisoner has the legal capacity to sue. This interpretation is supported by the requirement that suit be brought no later than ten years after the cause of action accrues. If CPLR § 208 applied only where a prisoner lacked actual legal capacity to sue, an individual remaining in prison for more than ten years after his cause of action arose would be completely without remedy. Far from suggesting such a result, the advisory committee report expresses the view that "This maximum period provides ample time to protect the rights of prisoners * * *." Second Preliminary Report, *supra* at 59.

We conclude that the district court erred in failing to apply the tolling provisions of CPLR § 208, and that appellant's suit was not time barred. See Moviecolor Ltd. v. Eastman Kodak Co., 288 F.2d 80, 83 (2d Cir.), cert. denied, 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961).

### III.

Since this case appears to us to be governed by the result reached in Sostre v. McGinnis, 442 F.2d 178 (1971), we reverse the determination of the district court and remand the case for trial.