■ In the Matter of Norman Harris, Respondent, v Michael Codd, as Police Commissioner of the City of New York, Appellant.—Judgment, Supreme Court, New York County, entered October 19, 1976, annulling the determination of the police commissioner, unanimously reversed, on the law, and vacated, and the determination of the police commissioner reinstated, without costs or disbursements. Petitioner, the operator of a private security agency, was licensed to carry a pistol since 1969. On August 2, 1975, two police officers on radio motor patrol responded to a call from petitioner indicating that two shots had been fired in Apartment 20K on 150 West 225th Street. When they arrived at the scene, they identified themselves as police officers but were initially refused entry. Petitioner refused to open the door because he said there were two people outside with shotguns. The police saw no one in the hallway with any weapon. When the door to the apartment was finally opened, they saw the petitioner standing with a revolver in each hand. He was directed to put the pistols down. When he did not respond, the officers disarmed him. Petitioner did not resist, nor did he make any statement at· that time. Petitioner then told the police that two

---

people whom he believed lived in an apartment on the floor above, armed with a bat and a shotgun, were trying to break into his apartment. The police investigated and found that the apartment above was vacant at that time, and inquiry of the neighbors revealed no additional information as to noises coming from that apartment. Petitioner was relieved of his weapons. A hearing was held by the license division of the police department to investigate petitioner's improper display of a firearm on August 2, 1975 and to determine petitioner's medical fitness to handle a pistol. Petitioner's pistol license was disapproved on both bases. Petitioner then brought this article 78 proceeding to review that administrative determination. Special Term annulled the finding that petitioner was medically unfit to possess a pistol permit and also found that, though the display of the firearm occurred, the punishment of license revocation was excessive. The respondent City of New York appeals only from the latter portion of the order. We would reverse and reinstate the license revocation. The version of the occurrence as related by the petitioner was not corroborated by testimony of neighbors, or any other offer of evidence. Even accepting his version of the story, however, it is clear that he fired his weapons before even calling the police and, further, that the weapons were fired to frighten the alleged intruders away and not because of any imminent danger. Since one shot was fired at his door, he could conceivably have injured an innocent person passing in the hallway. We must keep in mind that one permitted to possess a pistol is not entitled to use the weapon indiscriminately. We must also keep in mind the protection of the welfare and safety of the general public is a factor of great weight in issuance of a pistol permit. Under all of the circumstances of this case, we find that respondent's determination had a substantial basis therefor, and we further find that the sanction imposed was not excessive. Concur—Kupferman, J. P., Birns, Evans, Capozzoli and Lane, JJ.