John BRESCIA, Plaintiff,

v.

Robert J. McGUIRE, as Police Commissioner of the City of New York, Defendant.

No. 80 Civ. 0758.

United States District Court, S. D. New York.

March 12, 1981.

Charles A. Giulini, Jr., New York City, for plaintiff.

Allen G. Schwartz, Corp. Counsel of the City of New York by Robert Coppersmith, Asst. Corp. Counsel, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

LOWE, District Judge.

Plaintiff instituted this action under 42 U.S.C. § 1983 alleging that the suspension and revocation of his pistol licenses by the defendant[1] constituted a denial of due process and equal protection of the law in violation of the Fourteenth Amendment of the United States Constitution, and for a declaration of unconstitutionality of New York Penal Law ("N.Y.P.L.") § 400.00(11),[2] the statute invoked in the revocation proceeding. Plaintiff also seeks restoration of his licenses, damages and attorneys' fees.

Defendant has moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Proce-

---

1. Defendant McGuire, as Commissioner of the New York City Police Department, is the licensing officer for the City of New York pursuant to New York Penal Law § 265.00(10).

2. N.Y.P.L. § 400.00(11) provides, in relevant part,

"License: revocation. The conviction of a licensee anywhere of a felony or serious offense shall operate as a revocation of the license.

A license may be revoked and cancelled at any time in the city of New York, ... by the licensing officer, ... The official revoking a license shall give written notice thereof without unnecessary delay to the executive department division of state police, Albany, and shall notify immediately the duly constituted police authorities of the locality."

dure ("Fed.R.Civ.P."), to dismiss the complaint for failure to state a claim upon which relief can be granted. The Court has before it matters outside the pleadings; therefore, this motion will be considered as a motion for summary judgment pursuant to Fed.R.Civ.P. 12 and 56. Plaintiff has cross-moved for summary judgment. The Court heard oral argument on the motions on March 5, 1981.

## I. *Facts*

Plaintiff is a full time employee of the New York City Transit Authority and president of the Brescia Rifle and Pistol Club. Plaintiff also works part-time for a private investigator; this job allegedly requires him to carry a pistol.

In February 1976, plaintiff applied to defendant for a target pistol license to be used for target shooting with his pistol club; defendant issued said license to plaintiff in May, 1976. The license was subsequently renewed. In February 1978, plaintiff applied to defendant for a license to carry a concealed pistol for use in his part-time employment; defendant issued said license in March, 1978.

In June 1978, plaintiff alleges his home was burglarized and his two licensed pistols were stolen. The local police precinct notified the Pistol Licensing Division of the New York City Police Department of the burglary report and plaintiff's licenses were suspended in November, 1978.

Plaintiff was notified of his right to a hearing, which he requested. At the hearing on March 27, 1979, plaintiff appeared, *pro se*, waived his right to counsel and was the only witness. He testified that he had secured the licensed pistols in a locked box in a cabinet in his bedroom. Upon his return from work, he discovered his home had been burglarized and the pistols stolen.

On April 27, 1979 defendant notified plaintiff that his pistol licenses were revoked "for failure to safeguard weapons."[3] Plaintiff pursued an administrative appeal which affirmed the hearing officer. Plaintiff did not appeal to the Supreme Court of the State of New York,[4] but instituted the instant action.

## II. *Court's Findings*

Defendant alleges that plaintiff's action is time-barred by the state statute of limitations and that the complaint fails to allege a 42 U.S.C. § 1983 claim.

 In a § 1983 action, the federal court applies the analogous New York statute of limitations to plaintiff's federal claims. *Board of Regents v. Tomanio,* 446 U.S. 478, 483, 100 S.Ct. 1790, 1794, 64 L.Ed.2d 440 (1980). Plaintiff seeks restoration of his pistol licenses forfeited pursuant to N.Y.P.L. § 400.00(11). This Circuit's Court of Appeals has held that suits brought in the federal district courts in New York under § 1983 are governed by the three year period of limitations provided in New York Civil Practice Law and

**3.** Plaintiff alleges and defendant does not dispute that plaintiff was not furnished a copy of the hearing officer's decision which contained the examiner's findings of fact. The Court, upon request, obtained a copy of the decision and order from defendant and read same into the record at the hearing on this matter held before the Court on March 5, 1981.

**4.** Article 78, § 7801 of the New York Civil Practice Law and Rules provides,

§ 7801. *Nature of proceeding*
Relief previously obtained by writs of certiorari to review, mandamus or prohibition shall be obtained in a proceeding under this article. Wherever in any statute reference is made to a writ or order of certiorari, mandamus or prohibition, such reference shall, so far as applicable, be deemed to refer to the proceeding authorized by this article. Except where otherwise provided by law, a proceeding under this article shall not be used to challenge a determination:

1. which is not final or can be adequately reviewed by appeal to a court or to some other body or officer or where the body or officer making the determination is expressly authorized by statute to rehear the matter upon the petitioner's application unless the determination to be reviewed was made upon a rehearing, or a rehearing has been denied, or the time within which the petitioner can procure a rehearing has elapsed; or

2. which was made in a civil action or criminal matter unless it is an order summarily punishing a contempt committed in the presence of the court.

Rules § 214(2) for actions to recover upon a liability, penalty or forfeiture created or imposed by statute. *Singleton v. New York*, 632 F.2d 185, 189 (2d Cir. 1980); *Taylor v. Mayone*, 626 F.2d 247, 251 (2d Cir. 1980); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 449 (2d Cir. 1980); *Meyer v. Frank*, 550 F.2d 726, 728 (2d Cir.), cert. denied, 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 90 (1977); *Kaiser v. Cahn*, 510 F.2d 282, 284 (2d Cir. 1974); *Ortiz v. LaVallee*, 442 F.2d 912, 914 (2d Cir. 1971); *Romer v. Leary*, 425 F.2d 186, 187 (2d Cir. 1970). Under this standard, plaintiff's action is not time-barred.

■ The first inquiry in a § 1983 suit is whether plaintiff has been deprived of a right "secured by the Constitution and laws"; if there has not been such a deprivation, plaintiff has failed to satisfy the threshold requirement for maintaining a § 1983 action. *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979).

The Second Circuit Court of Appeals in *Baden v. Koch*, 638 F.2d 486 (2d Cir. 1980) stated:

"Before Baden can establish a right to reinstatement, he must show that he has a property right recognized by the Constitution of the United States for purposes of procedural due process. This property right must come from ... state law ..."

*Id.* at 489.

The alleged property right of this plaintiff under New York State law depends upon an analysis of a licensee's property interest in his pistol permit. Section 400.-00(11) of the N.Y.P.L. authorizes revocation of the license by operation of law upon conviction of a licensee anywhere of a felony or serious offense. The statute also provides, and is the provision alone herein implicated that,

"A license may be revoked and cancelled at any time in the city of New York, ... by the licensing officer, ..."

Plaintiff alleges this statutory provision is void for vagueness and that it grants the licensing authority unbridled discretion. If this Court considered N.Y.P.L. § 400.00(11) in isolation, plaintiff's argument of facial invalidity would have merit. However, we must look to the statute as construed by the courts of the State of New York.[5] The New York courts have consistently recognized and sustained the necessity of affording the licensing officer broad discretion. *See, e. g., Harris v. Codd*, 57 A.D.2d 778, 394 N.Y.S.2d 210 (1st Dept. 1977), aff'd, 44 N.Y.2d 978, 408 N.Y.S.2d 501, 380 N.E.2d 327 (1978); *Application of Sherwood*, 80 Misc.2d 215, 363 N.Y.S.2d 71 (City Ct., Albany 1975); *DeTrano v. Looney*, 66 Misc.2d 183, 320 N.Y.S.2d 141 (Sup.Ct., Nassau Co. 1970); *In re Plank*, 101 N.Y.S.2d 414 (Steuben Co.Ct. 1950); *In re DiMaggio*, 65 N.Y. S.2d 613 (Domestic Relations Ct., Kings Co. 1946); see also *Opinion of the Attorney General* 97 (1975); *Opinion of the Attorney General* 170 (1974).

The Legislature of the State of New York has declared that New York State's strong public policy is to restrict the possession of hand guns by imposing mandatory penal sanctions in N.Y.P.L. § 265.05, and authorizing broad discretion in licensing

5. In determining whether the provision of the statute is overly broad and vague, the Court's task is to determine whether the statute can be construed, consistent with the will of the Legislature, so as to comport with constitutional limitations. *CSC v. Letter Carriers*, 413 U.S. 548, 571, 93 S.Ct. 2880, 2893, 37 L.Ed.2d 796 (1973). In construing N.Y.P.L. § 1897, subdivision 9–b, the predecessor statute to N.Y.P.L. § 400.00(11), the Appellate Division of the Supreme Court of the State of New York, Third Department, stated in *Moore v. Gallup*, 267 A.D. 64, 45 N.Y.S.2d 63 (3d Dept. 1943), aff'd, 293 N.Y. 846, 59 N.E.2d 439 (1944):

" '[T]he Legislature has now picked out one particular kind of arm, the handy, the usual, and the favorite weapon of the turbulent criminal class, and has said that in our organized communities, our cities, towns, and villages where the public peace is protected by the officers of organized government, the citizen may not have that particular kind of weapon without a permit, * * * '. *People ex rel. Darling v. Warden of City Prison*, 154 App.Div. 413, 423, 139 N.Y.S. 277, 285, 'Local licensing officers can deal better with the situation than the courts.' *Ormsby v. Bell*, 218 N.Y. 212, 217, 112 N.E. 747, 748."

*Id.*, N.Y.S.2d at 68.

and revocation procedures (N.Y.P.L. § 400.-00(11)). This exercise of the legislative prerogative is at the heart of the police power of a state to regulate in the interest of public safety.[6]

The courts of New York in construing N.Y.P.L. § 400.00(11) have held that this statute delegates the determination of whether or not a pistol permit should be issued to the discretion of the Police Commissioner, as licensing officer, and his determination will not be disturbed unless it is *clearly arbitrary. Moore v. Gallup, supra.* New York courts have also held that the Police Commissioner exercises the same discretion in license revocation proceedings. *DeTrano v. Looney, supra.* New York courts therefore look to the findings of fact set forth by the hearing officer to determine if the revocation order was an abuse of discretion. This Court concludes that N.Y.P.L. § 400.00(11), as construed by the courts of the State of New York, is not unconstitutionally vague.

Plaintiff next contends that his due process rights were violated by the statute as applied to his particular situation. The hearing officer found that plaintiff left his guns in an unlocked cabinet in an empty house during the daytime, and that the fact pattern of the alleged burglary indicated "... someone was well aware of the guns and where they were located." The hearing officer recommended license revocation because, in his opinion, plaintiff had failed to safeguard the weapons. This Court cannot say defendant's finding was arbitrary since it was supported by facts upon which the hearing officer could exercise his discretion. *DeTrano v. Looney, supra.*

Plaintiff's final claim alleges that he has been denied equal protection of the laws by being treated differently by defendant in revocation proceedings than a New York City Police Officer. Plaintiff fails to support this contention with factual allegations. Assuming *arguendo* plaintiff's claim was so supported, a claim of denial of equal protection would not exist. The prohibition of the Equal Protection clause goes no further than invidious discrimination. *Williamson v. Lee Optical Co.,* 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563 (1955). A statutory classification will not be overturned "unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that [the court] can only conclude that the legislature's actions were irrational." *Vance v. Bradley,* 440 U.S. 93, 97, 99 S.Ct. 939, 943, 59 L.Ed.2d 171 (1979); *see Barry v. Barchi,* 443 U.S. 55, 67, 99 S.Ct. 2642, 2650, 61 L.Ed.2d 365 (1979). There is clearly a rational basis for difference in the treatment of a Police Officer and private pistol licensee in that the Officer possesses a gun in order to fulfill his duty to protect the public safety, whereas plaintiff, by his own allegation, is a sportsman who uses his pistol for recreational purposes. Further, plaintiff's loss of his pistol carrying license has not deprived him of his principal employment. *See Sperman v. Codd,* 78 Civ. 1667 (E.D.N.Y. Oct. 5, 1978) (Nickerson, J.), aff'd, 603 F.2d 215 (2d Cir.), *cert. denied,* 444 U.S. 862, 100 S.Ct. 129, 62 L.Ed.2d 84 (1979); *DeCristino v. Codd,* Index No. 5815/77 (Sup.Ct., N.Y. Co. May 11, 1978) (Bloom, J.); *Newman v. McGuire,* In-

6. This Circuit's Court of Appeals commenting upon the fact there is no generally accepted rule to determine the degree of deference that federal courts should give to the factual determinations of state and local administrative agencies, ruled as follows in *New York State Ass'n for Retarded Children, Inc. v. Carey,* 612 F.2d 644, 648 (2d Cir. 1979): .

"Concededly, the Board's decision to isolate a group of children in order to guard against the spread of a serious disease involves the very essence of the state's police power to protect the health, welfare and safety of its citizens .... In many contexts the reasoned decision-making of administrators bearing sensitive responsibilities is entitled to judicial deference.

However, the courts are also assigned a sensitive task, and that task is to ensure that the established legal standards—constitutional and statutory—are followed by government agencies. To permit the factual determinations of these agencies to go unchallenged may be to neglect this task, for the facts will often be dispositive, and the question of compliance with prevailing legal standards will often be determined by the manner in which the agency has found these facts."

dex No. 12747/79 (Sup.Ct., N.Y. Co. Nov. 14, 1979) (Whitman, J.).

Since plaintiff has not alleged a property interest under state law, in that he has alleged no facts upon which this Court can find he had a legitimate claim of entitlement to a pistol license, *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Baden v. Koch, supra*, plaintiff has not shown a property right recognized by the United States Constitution. Therefore, his complaint under 42 U.S.C. § 1983 is dismissed.

It Is So Ordered.