■ In the Matter of PAUL R. LANG, Petitioner, v SAMUEL J. ROZZI, as Commissioner of Police of the County of Nassau, Respondent.—Proceeding pursuant to CPLR article 78 to re-

view a determination of the Police Commissioner of Nassau County, dated January 6, 1986, which revoked the petitioner's pistol license.

Adjudged that the petition is granted to the extent that the determination is annulled, with costs, and the matter is remitted to the respondent for a new hearing before a different Hearing Officer.

After the petitioner reported the accidental discharge of his licensed pistol to the respondent—who conducted an investigation into the incident—the petitioner was informed that a decision had been reached to suspend his pistol license for a period of six months. He was also informed of his right to a hearing, but further advised that if he did not desire one, he should simply contact the respondent at the end of the six-month suspension regarding the reinstatement of his license. Although a hearing had originally been scheduled for July 1985, the respondent rescheduled the hearing for September 6, 1985, a date just two weeks prior to the date on which his suspension was due to expire.

At the outset of the hearing, counsel for the petitioner proposed a settlement of the matter whereby, in exchange for waiving his right to the hearing, the suspension of the petitioner's license would continue until September 20, at which time the license would be restored immediately to him. It was further proposed that if the petitioner were to waive his right to the hearing, the suspension would not be used in the future as the sole basis of a revocation. The respondent's counsel substantially agreed with the proposed stipulation, suggesting as his sole modification that the petitioner would be allowed to retain only those guns which he could legally possess with a pistol license.

Following the above negotiations, the Hearing Officer announced that prior to his entering the hearing room he had overheard the petitioner's counsel mention the possibility of bringing a civil rights action against the Deputy County Attorney in regard to the suspension of the petitioner's license. The Hearing Officer then advised the petitioner that if he wished to proceed in accord with the proposed stipulation, he would have to agree to waive any possible civil actions against any officials involved in the matter.

The petitioner objected vigorously to this demand, refusing to waive his right to commence a civil action some time in the future. At this point, the Hearing Officer informed the petitioner for the first time that among the resolutions that could

possibly result from the hearing were both a continuation of the suspension as well as revocation of the license. The petitioner responded that in view of the foregoing, he was prepared to waive his right to the hearing and have his license restored immediately, although he was still unwilling under any circumstances to waive whatever rights he had to commence an action against public officials whom he believed had violated his civil rights. The Hearing Officer replied that it was no longer possible for the petitioner to waive the hearing, that it would proceed and that if the petitioner absented himself from the proceeding, it would nevertheless proceed without him. The petitioner remained and participated in the hearing.

Several months after the hearing was held, the respondent determined that the petitioner's license should be revoked. The petitioner subsequently commenced the instant CPLR article 78 proceeding contending, *inter alia,* that the Hearing Officer's conduct at the hearing deprived him of due process of law. We agree.

The Court of Appeals has instructed that "no essential element of a fair trial can be dispensed with, unless waived, without rendering the administrative determination subject to annulment upon review" *(see, Matter of Simpson v Wolansky,* 38 NY2d 391, 395). At bar, the manner in which the proceeding was conducted by the Hearing Officer was violative of the petitioner's due process rights and offensive to the precept of essential fairness enunciated by the Court of Appeals as the minimum standard by which the propriety of an administrative proceeding is to be judged *(see, Matter of Simpson v Wolansky, supra,* at 395-396). By attaching conditions to the stipulation reached by the parties and by subsequently attempting to wrest concessions from the petitioner before considering his request that he be permitted to waive his right to a hearing, the Hearing Officer abandoned his role as impartial arbiter and became personally involved as a partisan for the respondent *(cf., Matter of Gioe v Board of Educ.,* 126 AD2d 723, 724). Furthermore, it is clear that the Hearing Officer's decision to extend the possible range of penalties to include revocation and the eventual imposition of that penalty itself was not based upon any safety concern but rather, constituted a retaliatory measure taken in response to the petitioner's intention to bring an action against certain county officials. In short, the record amply establishes that there was no compliance with the "fundamental requirement of a fair trial" *(see, Matter of Simpson v Wolansky, supra,* at 395). Accordingly,

the respondent's determination must be annulled and a new hearing conducted before a different Hearing Officer. Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.