■ In the Matter of WILLIAM A. GUDDEMI, Appellant, v SAMUEL J. ROZZI, as Commissioner of Nassau County Police Department, et al., Respondents. [621 NYS2d 354] —In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Police Department, dated September 20, 1991, which, without a hearing, suspended the petitioner's pistol license, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Collins, J.), entered September 2, 1992, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

There is no merit to the petitioner's contention that the Supreme Court erred in concluding that the proceeding should be dismissed because the petitioner failed to exhaust his administrative remedies. The exhaustion doctrine requires a party to exhaust all available administrative remedies before seeking judicial intervention (see, Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57). The petitioner concedes that he failed to do so, but contends that this case should be excepted from the exhaustion doctrine because the action of the Nassau County Police Department (hereinafter the Police Department) in suspending his pistol license was unconstitutional, because it was beyond the Police Department's grant of power, and because resort to an administrative remedy would have been futile (see, Watergate II Apts. v Buffalo Sewer Auth., supra). We disagree.

The petitioner's constitutional challenge to the Police Department's action does not overcome the exhaustion doctrine because, contrary to the petitioner's contention, a license to carry a gun is a privilege, not a right (see, Sewell v City of New York, 182 AD2d 469, 472; Matter of Caruso v Ward, 160 AD2d 540). Moreover, the suspension of the petitioner's pistol license before a hearing was conducted did not violate his due process rights since the petitioner was given notice of the charges and the evidence against him and an opportunity to appear and rebut those charges (see, Matter of Burke v Colabella, 113 AD2d 794, 795; Matter of St.-Oharra v Colucci, 67 AD2d 1104; see also, Waltier v New York Police Dept., 856 F Supp 196, 200). There is no merit to the petitioner's contention that the Police Department acted in excess of its authority in suspending his pistol license (see, e.g., Matter of Lang v Rozzi, 147 AD2d 480), and the petitioner offers absolutely no support for his contention that resort to an administrative remedy would have been futile. Thus, the proceeding was properly dismissed.

There is no merit to the petitioner's remaining contentions and the Police Department's contention that the appeal is academic. Miller, J. P., Lawrence, Ritter and Santucci, JJ., concur.