■ In the Matter of PATRICK AUSTIN, Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York, Respondent. [733 NYS2d 30] —Judgment, Supreme Court, New York County (Barbara Kapnick, J.), entered February 2, 2000, which denied and dismissed the petition brought pursuant to CPLR article 78 to annul respondent's disapproval of petitioner's pistol license application, unanimously affirmed, without costs.

Respondent's determination disapproving petitioner's application for a pistol license was properly left undisturbed by the article 78 court. Given petitioner's history of cerebral vascular episodes and his present physical limitations which might impair his ability to use a firearm safely, the challenged pistol license application disapproval was entirely rational and consistent with respondent's role in protecting the public (*see*, *Matter of Harris v Codd*, 57 AD2d 778, 779, *affd* 44 NY2d 978; *Iacono v Police Dept. of City of N. Y.*, 204 AD2d 225, 226, *lv denied* 85 NY2d 848). Concur—Sullivan, P. J., Mazzarelli, Wallach, Rubin and Friedman, JJ.

■ JACQUELINE SAUNDERS, Appellant, v ANTONIO LOCOROTONDO, Respondent. [733 NYS2d 31] —Order, Supreme Court, Bronx County (George Friedman, J.), entered on or about February 1, 2001, which denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.

Since defendant provided an explanation not involving negligence on his part as to how his car came to strike plaintiff's vehicle from behind, the motion court properly denied plaintiff's motion for summary judgment on the issue of liability (*cf.*, *Shelton v Rivera*, 286 AD2d 587). In addition, contrary to plaintiff's contention, the evidence on the motion did not warrant the motion court finding, as a matter of law, that defendant, just prior to the accident, had been following plaintiff's vehicle too closely. Concur—Sullivan, P. J., Mazzarelli, Wallach, Rubin and Friedman, JJ.