■ In the Matter of MARIO BIGANINI, Petitioner, v JOHN C. GALLAGHER, Respondent. [742 NYS2d 73] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent John C. Gallagher, dated January 29, 2001, which, after a hearing, revoked the pistol license of the petitioner Mario Biganini.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The Commissioner of the Suffolk County Police Department revoked the pistol license of the petitioner Mario Biganini on the ground that he lacked "good moral character" (Penal Law § 400.00 [1], [11]). The Commissioner's determination was based on evidence adduced at a hearing that Biganini was a member of the Long Island chapter of the Hell's Angels Motorcycle Club (hereinafter the Hell's Angels). Biganini was an officer of the corporation which sold Hell's Angels merchandise in the Long Island chapter's store and over a Web site. At least one current member of the Long Island chapter had been convicted of a weapon possession charge, and two other members had been linked to shooting incidents with a rival motorcycle gang called the Pagans in Nassau County. In addition, evidence was offered that Hell's Angels chapters are involved in numerous criminal activities nationwide, that local chapters contribute dues to the Hell's Angels and share profits from the sale of merchandise, and that the Hell's Angels expand their influence by taking over rival motorcycle gangs. The hearing officer concluded that Biganini was not candid about the extent and nature of his involvement with the Hell's Angels.

The Commissioner, as the pistol licensing authority, has broad discretion (*see Matter of Fromson v Nelson,* 178 AD2d 479; *Brescia v McGuire,* 509 F Supp 243 [SD NY 1981]). Although there was no proof that Biganini had been directly involved in any criminal activities, we conclude that the determination to revoke his license on the ground that he lacked "good moral character" was supported by substantial evidence in the record and was not arbitrary or capricious.

Contrary to Biganini's contention, the revocation of his pistol license did not substantially interfere with his ability to associate with members of the Hell's Angels for lawful purposes and thus did not constitute a violation of his constitutional right to freedom of association (*see generally Lyng v International Union, United Auto., Aerospace & Agric. Implement Workers of Am.,* 485 US 360; *cf. Elfbrandt v Russell,* 384 US 11). Ritter, J.P., O'Brien, Krausman and Adams, JJ., concur.