Matter of Brooke v Russo (2020 NY Slip Op 07377)





Matter of Brooke v Russo


2020 NY Slip Op 07377


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-13404

[*1]In the Matter of Francis Brooke, petitioner,
v
Kevin F. Russo, etc., et al., respondents.


Law Office of William O. Wagstaff III, P.C., White Plains, NY, for petitioner.
Letitia James, Attorney General, New York, NY (Melissa Ysaguirre of counsel), for respondent Kevin F. Russo.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent Kevin F. Russo, a Judge of the County Court, Rockland County, dated September 17, 2019, which temporarily suspended the petitioner's pistol permit, and in the nature of mandamus, inter alia, to compel the respondent to reinstate the petitioner's pistol permit.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
"'The State has a substantial and legitimate interest and indeed, a grave responsibility, in insuring the safety of the general public from individuals who, by their conduct, have shown themselves to be lacking the essential temperament or character which should be present in one entrusted with a dangerous instrument'" (Matter of McAvoy v Klein, 117 AD3d 1058, 1059, quoting Matter of Pelose v County Ct. of Westchester County, 53 AD2d 645, 645). As such, licensing officers are "vested with broad discretion to revoke a pistol permit and may do so for any good cause" (Matter of Gaul v Giardino, 95 AD3d 1456, 1457 [internal quotation marks omitted]; see Matter of Biganini v Gallagher, 293 AD2d 603, 603).
Here, contrary to the petitioner's contention, he was not entitled to an evidentiary hearing prior to the temporary suspension of his pistol permit, since he was given notice of the allegations against him and an opportunity to contest the suspension (see Matter of McAvoy v Klein, 117 AD3d at 1059-1060; Matter of Guddemi v Rozzi, 210 AD2d 479, 480). The petitioner has not demonstrated that the determination to temporarily suspend his pistol permit should be disturbed by this Court.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16). The petitioner has failed to demonstrate a clear legal right to the relief sought (see Matter of Lawtone-Bowles v Klein, 83 AD3d 843, 844).
RIVERA, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court