Matter of Berisha v Fufidio (2025 NY Slip Op 00089)

Matter of Berisha v Fufidio

2025 NY Slip Op 00089

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2024-00972

[*1]In the Matter of John Berisha, petitioner,
v
George E. Fufidio, etc., respondent.

The Bellantoni Law Firm, PLLC, Scarsdale, NY (Amy L. Bellantoni of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Anjali Bhat of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent, George E. Fufidio, a Judge of the County Court, Westchester County, to remove the restrictions on the petitioner's pistol license and to review the respondent's determination dated September 28, 2023, which, in effect, denied, without a hearing, the petitioner's application, in effect, to deem his application to amend his pistol license to be an application for an unrestricted concealed carry license.
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursement.
In January 2024, the petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent, George E. Fufidio, a Judge of the County Court, Westchester County, to remove the restrictions on the petitioner's pistol license and to review the respondent's determination dated September 28, 2023, which, in effect, denied the petitioner's application, in effect, to deem his application to amend his pistol license to be an application for an unrestricted concealed carry license. The petitioner had initially sought to amend his pistol license to sportsperson with restricted carry, which was no longer available following the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1).
"The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought" (Matter of Brooke v Russo, 189 AD3d 1032, 1033; see CPLR 7803[1]; Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16). Penal Law § 400.00 does not establish a clear legal right to a pistol license, and the statute does not require a licensing official to perform any ministerial act. Rather, the statute empowers a licensing official to exercise discretion to determine, inter alia, whether the applicant is of "good moral character" and to review the results of a background investigation (id. § 400.00[1]; see § 400.00[4]). Accordingly, the petitioner is not entitled to mandamus relief pursuant to CPLR 7803(1) (see Matter of Husejnovic v DeProspo, 225 AD3d 597, 599; Matter of Harper v Neary, 225 AD3d 595, 597).
Furthermore, the respondent's, in effect, denial of the petitioner's application, in [*2]effect, to deem his application to amend his pistol license to be an application for an unrestricted concealed carry license had a rational basis and was not arbitrary or capricious. Penal Law § 400.00(1) provides that an applicant for an unrestricted concealed carry license must fulfill certain requirements, including submitting certain information to a licensing officer, certifying to the completion of certain training, and meeting with a licensing officer for an interview (see id. § 400.00[1][l], [n], [o]), and the respondent properly declined to entertain the petitioner's application without the petitioner having fulfilled such requirements.
The parties' remaining contentions are without merit.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court